UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. No. 05-522T

SHEILA REIS, DENNIS REIS, ASHLEY REIS, MILDRED PACHECO, GARY SOUZA, DONNA SOUZA individually and on behalf of her minor children STEPHANIE PEZZONE and BRITNEY CORDEIRO for whom she id legally guardian, JAMIE BERGERON individually and on behalf of her minor children KRISTA CAMARA and ETHAN BARNETT, ALAN TRECIDA and KIM TRECIDA individually and on behalf of their minor children ELAINA TRECIDA, ALAN J. TRECIDA, JR., and LYNDSAY TRECIDA, and JOSEPH A. TRECIDA

(Related Cases
C.A. No. 05-221T
C.A. No. 05-274T
C.A. No. 05-370T)

Plaintiffs

v.

SOUTHERN UNION COMPANY dba FALL RIVER GAS AND NEW ENGLAND GAS

Defendant

**OPPOSITION TO MOTION TO DISMISS**

The Plaintiffs to this action respectfully oppose Defendant's Motion to Dismiss. A memorandum of law accompanies this opposition.

Dated: February 24, 2006.

Respectfully Submitted
PLAINTIFFS
CAMPBELL CAMPBELL CONROY & EDWARDS PROFESSIONAL CORPORATION

Anthony J. Sbarra, Esq. (Bar No. 7307)
One Constitution Plaza
Boston, MA 02129
617-241-3000
FAX 617-241-5115
sbarra@campbell-trial-lawyers.com

Paul Revere, III
Law Offices of Paul Revere, III
297 North Street, Suite 336
Hyannis, Massachusetts 02601
508-778-7126
Co-counsel Who Will File Motion To
Be Admitted Pro Hac Vice

Dated: February 23, 2006

**Certification**

I hereby certify that I served the within document, by causing a copy to be delivered by mail to all parties on February 24, 2006.

Paul Revere, III

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. No. 05-522T

SHEILA REIS, DENNIS REIS, ASHLEY REIS, MILDRED PACHECO, GARY SOUZA, DONNA SOUZA individually and on behalf of her minor children STEPHANIE PEZZONE and BRITNEY CORDEIRO for whom she id legally guardian, JAMIE BERGERON individually and on behalf of her minor children KRISTA CAMARA and ETHAN BARNETT, ALAN TRECIDA and KIM TRECIDA individually and on behalf of their minor children ELAINA TRECIDA, ALAN J. TRECIDA, JR., and LYNDSAY TRECIDA, and JOSEPH A. TRECIDA

(Related Cases
C.A. No. 05-221T
C.A. No. 05-274T
C.A. No. 05-370T)

Plaintiffs

v.

SOUTHERN UNION COMPANY dba FALL RIVER GAS AND NEW ENGLAND GAS

Defendant

**MEMORANDUM FOR OPPOSITION TO MOTION TO DISMISS**

The Plaintiffs to this action respectfully oppose Defendant's Motion to Dismiss on the following grounds:

## I. INTRODUCTION

This is an action to recover damages for diminution of property value, lost of use and enjoyment of properties, personal injuries, emotional distress, and other damages caused by the Defendant's disposal and release directly or through agents of wastes from coal gasification and/or other industrial processes onto properties owned by the Plaintiffs and/or which they presently or have formerly lived. Related cases involving different plaintiffs who live in the same neighborhood as

the plaintiffs are also pending before this court as C.A. No. 05-221T (the "Corvello Lawsuit"), 05-274T, and 05-370T.

Defendant had previously filed a motion to dismiss in the Corvello Lawsuit (as well as the related lawsuits). The bases for that motion are the same as the motion in this case for each of the claims in this proceeding were asserted in the Corvello Lawsuit. Having reviewed the filings in the Corvello Lawsuit, the Plaintiffs have concluded that the opposition of the Corvello Lawsuit plaintiffs adequately sets forth the legal bases for opposing the Defendant's motion to dismiss. Therefore, for the sake of brevity, Plaintiffs in this proceeding adopt the arguments of the plaintiffs in the Corvello Lawsuit and have attached a copy of that Opposition to this Memorandum as Exhibit One. Plaintiffs also adopt by reference any additional arguments made by the plaintiffs in the related cases and to the extent the Court does not require oral argument on this motion, any arguments made by the plaintiffs on December 1, 2005, at oral argument of the motion to dismiss in the Corvello Lawsuit.

Below are only the arguments of the Plaintiffs in this proceeding that are specific to this case or not set forth by the plaintiffs in the Corvello Lawsuit. In addition to incorporating the arguments of the Corvello Lawsuit plaintiffs, this opposition sets forth a brief response to each of the arguments in the motion to dismiss.

## II. ARGUMENT

### A. Plaintiffs' Negligence Claim Should Not Be Dismissed Because Defendant Has A Legal Duty To Dispose Of Its Waste In A Responsible Manner (Corvello Opposition pp. 2-5)

In addition to the arguments made in the Corvello Lawsuit, the Plaintiffs state the following. Remarkably, the Defendant comes to this court and argues that it has no "duty" to manage toxic substances and hazardous materials in a manner that prevents foreseeable injury to the Plaintiffs. The essence of their argument is that Defendant can give wastes from its former coal gasification plant to whomever they please to dispose of in whatever manner they like and that Defendant is immune from liability simply because the Plaintiffs purchased the land where the wastes were placed. Relying on portions of precedent from cases involving **commercial** real estate transactions, the Defendant argues that the ancient doctrine of *caveat emptor* or "buyer beware" should apply. In doing so, however, the Defendants completely ignore that the precedent which they cite involves commercial real estate transactions and that express reference is made in each decision to the common practice of environmental review by qualified professionals prior to purchase of commercial property.

In contrast, this matter involves owners of **residential** property in Tiverton, *see* Complaint at para. 1 (allegations that plaintiffs "live" or "have lived" on the contaminated property), for which

there is no common practice of due diligence and the contamination constitutes a latent defect in the land. Thus, the Defendant attempts to apply a standard of due diligence that is simply beyond the scope of a single family residential transaction to support its argument for *caveat emptor*.

Furthermore, the doctrine of *caveat emptor* is akin to a defense of assumption of risk or supervening cause and has no application to the claims of the Plaintiffs. *Caveat emptor* is essentially a common law economic policy that places the responsibility for investigation of defects in real estate on the buyer by prohibiting actions against the seller arising out of the condition of the land. It is a contract doctrine involving lawsuits between purchasers and prior owners of land. Here, there is no allegation that Defendant ever owned the land of the Plaintiffs. Rather, Plaintiffs' claims of negligence derive from the acts of the Defendant and breaches of duty by: (i) failing to manage its coal gasification process wastes to prevent personal injury or property damage to the Plaintiffs (Complaint para. 49); (ii) by failing to ensure that any person to whom it transferred wastes managed that waste with reasonable care to prevent personal injury or property damage (Complaint para. 51); (iii) failing in its continuing duty to advise and warn of the dangers associated with the disposal of the coal gasification waste which it has generated (Complaint para. 52); (iv) doing so when Defendant knew or should have known that the coal gasification wastes would cause personal injury or property damage to the Plaintiffs (Complaint para. 53); and (v) breaching its duties by among other things: (a) disposing of the coal gasification wastes in a manner which resulted in injury to plaintiffs and their property and/or

transferring the wastes to others who managed it in a manner that resulted in injury to plaintiffs and their property; and (b) failing to notify and/or take steps to provide record notice that the area had been used for the disposal of coal gasification wastes (Complaint para. 54). Thus, Plaintiffs claims do not derive from the actions of a prior owner or occupier of the land, but rather derive from the acts of managing wastes at Defendant's coal gasification facility in a manner such that they were transferred and placed in the ground in a residential area and the doctrine of caveat emptor is simply irrelevant to this matter as it does not involve an action between the purchaser and prior owner.

Defendant's argument both here and in the private nuisance claim also ignore that Plaintiffs' injuries may very well derive from numerous sources including the presence of waste on properties which they own, migration of wastes onto their property, and exposure to waste disposed of in the neighborhood where they live. With respect to the negligence claims, *caveat emptor* to the extent it even applies would only apply to wastes on the parcel of land which were present when a plaintiff purchase the land.. Wastes on neighboring properties or which have migrated onto each individual plaintiffs' land by wind , groundwater, or otherwise after purchase are outside of the doctrine. Similarly, even if the court held that a nuisance claim was prohibited due to Plaintiffs' ownership of their land, the ownership extends only to their lot lines and nuisances and impacts caused by adjacent contaminated property would not be subject to this defense. Furthermore, certain Plaintiffs are not owners of the land, but are children and relatives

who reside on the land, and the doctrine of *caveat emptor* should not apply to their personal injuries as they were not the purchasers.

In the case of *Hickle v. Seneca Foods*, 64 P.3d 1244 (Wash. 2003) (attached as Exhibit Two), the Supreme Court of Washington addressed issues similar to those in the case at bar, whether the generator of waste is liable in negligence for personal injuries to people exposed to waste after it was disposed of by a third party. In *Hickle*, a hunter suffered chemical burns when he fell into a pit at the facility containing the wastes of Seneca Foods and Milne Fruit Products when hunting on the propert owned by a waste disposal company. In addressing the defendants' claims that they were not liable for the actions of the waste management facility, the Court held that issue of foreseeability was paramount and that it was an issue for the trier of fact to determine whether the Defendants were negligent in choosing the waste management facility. Here, as in *Hickle*, Plaintiffs should be allowed to develop discovery in order to demonstrate to the trier of fact that the Defendant was negligent in its management of coal gasification wastes.

In summary, Defendants unquestionably have a duty to manage their commercial wastes in a manner to prevent injuries to individuals. The argument of *caveat emptor* does not relieve the Defendant, not a party to the sale, of this duty.

**B. Plaintiffs' Gross Negligence Claim Should Not Be Dismissed As**

**Rhode Island Recognizes Varying Degrees Of Negligence**
**(Corvello Opposition at pp. 5-6)**

Plaintiffs adopt the arguments of the Corvello Lawsuit Plaintiffs in total.

**C. Plaintiffs' Strict Liability Claim Should Not Be Dismissed Because Strict Liability May Apply To The Managment Of Coal Gasification Wastes (Corvello Opposition at pp. 6-11)**

Plaintiffs adopt the arguments of the Corvello Lawsuit Plaintiffs and further state the following. Defendant's motion at this time is premature as there is no evidence before the court to support the Defendant's contention that the management of coal gasification wastes can be made safe by the exercise of reasonable care. Furthermore, Plaintiffs add that at least one decision in the First Circuit has denied a motion for summary judgment when the defendant attempted to argue that disposal of coal gasification wastes was not an ultrahazardous activity. *See Lefebvre v. Central Maine Power*, 7 F. Supp. 2d 64, 71-72 (D. Me., 1998).

**D. Plaintiffs' Private Nuisance Claim Should Not Be Dismissed As The Plaintiffs' Injuries Are Caused In Part By Waste Migrating From Adjacent Properties *(Corvello Opposition at pp. 11-12*)**

Plaintiffs adopt the arguments of the Corvello Lawsuit Plaintiffs in total and further state. Defendant's private nuisance argument ignores that Plaintiffs' injuries may very well derive from numerous sources including the presence of waste on properties which they own, migration of

wastes onto their property, and exposure to waste disposed of in the neighborhood where they live. Here, Defendant's waste are part of the nuisance conditions on adjacent properties and, therefore, they are responsible for that nuisance.

**E. Plaintiffs' Public Nuisance Claim Should Not Be Dismissed (Corvello Opposition at pp. 13-14)**

Plaintiffs adopt the arguments of the Corvello Lawsuit Plaintiffs in total.

**F. Plaintiffs' Demand for Punitive Damages Should Not Be Dismissed (Corvello Opposition at pp. 19-20)**

Plaintiffs adopt the arguments of the Corvello Plaintiffs in total.

## III. CONCLUSION

Defendant's Motion to Dismiss should be denied in its entirety. Defendant improperly disposed of coal gasification wastes it created to the detriment of the Plaintiffs. Depending on the facts that are elicited during this lawsuit, Defendant may be liable to the Plaintiffs on a number of theories.

Dated: February 24, 2006.

Respectfully Submitted
PLAINTIFFS
CAMPBELL CAMPBELL CONROY &
EDWARDS PROFESSIONAL CORPORATION

Anthony J. Sbarra, Esq. (Bar No. 7307)
One Constitution Plaza
Boston, MA 02129
617-241-3000
FAX 617-241-5115
sbarra@campbell-trial-lawyers.com

Paul Revere, III
Law Offices of Paul Revere, III
297 North Street, Suite 336
Hyannis, Massachusetts 02601
508-778-7126
Co-counsel Who Will File Motion To
Be Admitted Pro Hac Vice

Certification

I hereby certify that a copy of this memorandum was sent to all counsel of record on February 24, 2006.

PAUL REVERE III