UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEILA REIS, DENNIS REIS, ASHLEY REIS MILDRED PACHECO, GARY SOUZA, DONNA SOUZA, individually and on behalf of her minor children STEPHANIE PEZZONE and BRITNEY CORDEIRO for whom she is legally Guardian, JAMIE BERGERON, individually and on behalf of her minor children KRISTA CAMARA and ETHAN BARNETT, ALAN TRECIDA and KIM TRECIDA individually and on behalf of their minor children ELAINA TRECIDA and JOSEPH A. TRECIDA, | C.A. No. 05-522T (Related Cases: 05-221T; 05-274T; 05-370T) |
| Plaintiffs, | |
| v. | |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS COMPANY, and NEW ENGLAND GAS COMPANY | |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Southern Union Company (improperly sued as "dba Fall River Gas Company") and its unincorporated division New England Gas Company (collectively "Southern Union") submit this reply brief in further support of its motion to dismiss Plaintiffs' Complaint ("Complaint"). In its moving papers, and in its reply brief in further support of its motion to dismiss the related action of Corvello, et al. v. New England Gas Company, Inc., C.A. No. 05-221T (the "Corvello case"), Southern Union demonstrated that the Complaint must be dismissed because it fails to state any

cognizable claim. Plaintiffs' opposition which, with the limited exceptions addressed below, relies on the opposition filed by plaintiffs in the Corvello case does not advance a single argument to save Plaintiffs' claims.

## ARGUMENT

### A. Contrary To Plaintiffs' "Red Herring" Argument, The Absence Of A Duty Of Care Owed To Plaintiffs By Southern Union Is Not Premised Upon The Caveat Emptor Doctrine

Southern Union's motion to dismiss established that no Rhode Island case has ever held that a purported generator of waste owes a duty of care to subsequent purchasers of non-neighboring property upon which waste was allegedly disposed years before the development of the property and decades before the occurrence of the alleged injury. Plaintiffs do not dispute this. Instead, Plaintiffs argue that the cases Southern Union relies on are distinguishable because they concern the application of the doctrine of caveat emptor to "commercial real estate transactions," a doctrine Plaintiffs contend "is simply beyond the scope of a single family residential transaction." (Plaintiffs' Opposition to Southern Union's Motion to Dismiss "Pl. Mem." at 2-4). Plaintiffs mischaracterize Southern Union's cases and misstate Rhode Island law.

First, the Rhode Island cases cited by Southern Union demonstrating the absence of any legal duty running from Southern Union to Plaintiffs do not turn on application of the caveat emptor doctrine. (See Moving Br. at 4). Thus, Plaintiffs' effort to distinguish them on that basis is a "red herring." Second, even assuming the caveat emptor doctrine had some application here, contrary to Plaintiffs' contention, Rhode Island makes no distinction in the doctrine's application between commercial and residential real estate

transactions. See Stebbin v. Wells, 766 A.2d 369 (R.I. 2001) (applying doctrine of caveat emptor to a residential real estate dispute); Eramo v. Condoco, 655 A.2d 697 (R.I. 1995) (same). Ultimately, Plaintiffs themselves concede, "the doctrine of caveat emptor is simply irrelevant to this matter as it does not involve an action between the purchaser and prior owner" of the allegedly polluted land.[1] (Pl. Mem. at 5). Southern Union wholeheartedly agrees.[2]

**B. Under Rhode Island Law, The Disposal Of Hazardous Waste Is Not An Abnormally Dangerous Activity**

Plaintiffs do not cite a single Rhode Island case supporting their argument that the alleged disposal of hazardous waste is an abnormally dangerous activity. Instead, they contend that a case from the District of Maine held that the disposal of hazardous waste can be considered an abnormally dangerous activity under Maine law. (Pl. Mem. at 7). See Lefebvre v. Central Maine Power, 7 F. Supp. 2d 64, 71-72 (D. Me. 1998). In citing Lefebvre, the Plaintiffs highlight that they cannot point to a single Rhode Island case that has extended and applied the doctrine of strict liability to the disposal of hazardous waste.

[1] Plaintiffs' attempt to save their negligence and private nuisance claims by arguing that even if the doctrine of caveat emptor precludes recovery for contaminants allegedly deposited on their land, they are still entitled to recover for their alleged damage because the "migration of wastes onto their property, and exposure to waste disposed of in the neighborhood where they live" (Pl. Mem. at 5, 7-8), is improper. Neither factual allegation is contained in the Complaint, nor is either a reasonable inference that can be drawn from the Complaint. See Kachougian v. U.S., 1999 U.S. Dist. LEXIS 18441, *7 (D.R.I. Sept. 10, 1999) ("In ruling on a Rule 12(b)(6) motion to dismiss, the Court does not look beyond the four corners of the complaint"). In any event, even if these un-pled allegations were taken as true, they create no cause of action either for negligence or private nuisance.

[2] Plaintiffs' citation to Hickle v. Whitney Farms, Inc., 64 P.3d 1244 (Wash. 2003), also does not save their negligence claim. Hickle concerned whether a party who entrusted waste to a third party can be held liable for the "reckless or incompetent" disposal of the waste by the third party on land owned by the third party. Plaintiffs here do not allege that Southern Union "negligently entrusted" waste to a third party who, likewise, stored the waste on their property. In any event, Plaintiffs' citation to Hickle -- a case applying Washington State substantive law -- further confirms that Plaintiffs cannot identify any Rhode Island case supporting their contention that under the facts of this case Southern Union owed plaintiffs a cognizable duty of care.

**CONCLUSION**

For the foregoing reasons and those set forth in Southern Union's moving brief, Plaintiffs' Complaint should be dismissed with prejudice.

Dated: Providence, Rhode Island
March 10, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

*Attorneys for Defendant Southern Union Company and its division New England Gas Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2006, a copy of the foregoing was mailed first class U.S. postage/~~hand delivered~~ to the following:

Russell X. Pollock, Esq.
Anthony J. Sbarra, Esq.
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

Paul Revere, III, Esq.
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632

*374653_1.doc*