UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHEILA REIS, DENNIS REIS, ASHLEY REIS, MILDRED PACHECO, GARY SOUZA, DONNA SOUZA individually and on behalf of her minor children, STEPHANIE PEZZONE and BRITNEY CORDEIRO for whom she is legally guardian, JAMIE BERGERON individually and on behalf of her minor children KRISTA CAMARA and ETHAN BARNETT, ALAN TRECIDA and KIM TRECIDA individually and on behalf of their minor children ELAINA TRECIDA, ALAN J. TRECIDA, JR., and LYNDSAY TRECIDA, and JOSEPH A. TRECIDA | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 05-522T (Related Cases: 05-274T; 05-370T 05-221T) |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS AND NEW ENGLAND GAS | : | |
| Defendant. | : | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Southern Union Company (improperly sued as "Southern Union Company dba Fall River Gas And New England Gas") ("NEGasCo"), by its undersigned counsel, answers Plaintiffs’ Complaint dated August 5, 2005, (“Complaint”), as limited by the Court's Memorandum and Order dated November 3, 2006 (the "Court's Order"), as follows:

1. NEGasCo denies the allegations set forth in paragraphs 1 and 2 of the Complaint.

2. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 19 of the Complaint.

3. NEGasCo denies the allegations set forth in paragraph 20 of the Complaint except admits that Southern Union Company is a Delaware Corporation.

4. NEGasCo denies the allegations set forth in paragraph 21 of the Complaint.

5. NEGasCo denies the allegations set forth in paragraph 22 of the Complaint except admits that long ago Fall River Gas Company, or its predecessor in interest (hereinafter collectively "Fall River Gas Company"), maintained coal gasification facilities in Fall River, Massachusetts.

6. NEGasCo denies the allegations set forth in paragraph 23 of the Complaint except admits that coal gasification was at one time a process commonly used to manufacture gas for residential and commercial uses including for the operation of stoves and lamps.

7. NEGasCo denies the allegations set forth in paragraph 24 of the Complaint, which is partly unintelligible, except admits that coal gasification typically included the heating of coal or coke resulting in the release of gas, among other things.

8. NEGasCo denies the allegations set forth in paragraph 25 of the Complaint except admits the coal gasification process typically included a purification process, and further admits that Fall River Gas Company distributed gas to its customers' homes through piping systems.

9. NEGasCo denies the allegations set forth in paragraphs 26 through 29 of the Complaint.

10. NEGasCo denies the allegations set forth in paragraph 30 of the Complaint except admits that during the first half of the twentieth century there was a significant decline in the use of the coal gasification process to manufacture gas for residential and commercial uses, and during that time period there was an increase in the use of interstate pipelines used to supply natural gas to end users, including in urban areas.

11. NEGasCo denies the allegations set forth in paragraph 31 of the Complaint, which is partly unintelligible, except admits that long ago Fall River Gas Company did cease its coal gasification operations and did dismantle certain structures that were previously used as part of such operations.

12. NEGasCo denies the allegations set forth in paragraph 32 of the Complaint.

13. NEGasCo denies the allegations set forth in paragraph 33 of the Complaint except admits that in September 2000, Fall River Gas Company merged with and into Southern Union Company, with Southern Union Company as the surviving corporate entity.

14. NEGasCo denies the allegations set forth in paragraph 34 of the Complaint except admits that Southern Union Company is not a holding company of Fall River Gas Company.

15. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, except denies

that the "sewer contractor encountered soils which appeared to contain iron cyanide and other coal gasification wastes."

16. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, which are partly unintelligible, except denies that "laboratory analysis showed the presence of cyanide and other substances indicative of coal gasification wastes at levels presumed to impact human health and the environment."

17. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, which are partly unintelligible, except denies that "further investigation . . . also demonstrated such coal gasification wastes at levels presumed to impact human health and the environment."

18. NEGasCo denies the allegations set forth in paragraph 38 of the Complaint.

19. NEGasCo denies the allegations set forth in paragraph 39 of the Complaint except admits that on March 17, 2003, RIDEM issued a letter of responsibility to Southern Union Company, and refers to such letter for its contents.

20. NEGasCo denies the allegations set forth in paragraph 40 of the Complaint.

21. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint excepts admits that at a point in time the Town of Tiverton, Rhode Island instituted a "moratorium," and refers to such provision for its terms and conditions.

22. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 42 through 44 of the Complaint.

23. NEGasCo denies the allegations set forth in paragraphs 45 through 47 of the Complaint.

**COUNT I**
**NEGLIGENCE**

24. In response to paragraph 48 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 47 of the Complaint as if such responses were fully set forth herein.

25. NEGasCo denies the allegations set forth in paragraphs 49 through 55 of the Complaint.

**COUNT II**
**RECKLESSNESS/ GROSS NEGLIGENCE**

26. In accordance with the Court's Order dismissing Count II of Plaintiffs' Complaint, no substantive response is required to paragraphs 56 through 63 of the Complaint.

**COUNT III**
**ULTRA HAZARDOUS ACTIVITY/ STRICT LIABILITY**

27. In response to paragraph 64 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 63 of the Complaint as if such responses were fully set forth herein.

28. NEGasCo denies the allegations set forth in paragraphs 65 through 67 of the Complaint.

**COUNT IV**
**PRIVATE NUISANCE**

29. In accordance with the Court's Order dismissing Count IV of Plaintiffs' Complaint, no substantive response is required to paragraphs 68 through 70 of the Complaint.

**COUNT V**
**PUBLIC NUISANCE**

30. In response to paragraph 71 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 70 of the Complaint as if such responses were fully set forth herein.

31. NEGasCo denies the allegations set forth in paragraphs 72 through 74 of the Complaint.

**FIRST DEFENSE**

The Complaint, and each count alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs’ claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiffs’ claims are barred by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs lack standing to bring the claims asserted in the Complaint, and alternatively, plaintiffs failed to file suit in the correct legal capacity and/or with the required authorization and procedure.

**FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

To the extent plaintiffs seek remediation (or its equivalent, whether styled as abatement of a nuisance, or otherwise), the Court lacks jurisdiction to order same, and plaintiffs can not obtain such remedy in this action, as such remedy falls exclusively within the jurisdiction of the Rhode Island Department of Environmental Management.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by plaintiffs' assumption of risk, including without limitation, because plaintiffs, or their predecessors in interest or their agents, had knowledge of and accepted and assumed the hazards and risks which caused, contributed to or resulted in their alleged damages.

**EIGHTH DEFENSE**

Plaintiffs have failed, refused and/or neglected to mitigate their damages alleged in the Complaint, and alternatively, plaintiffs have by their own acts and omissions increased their claimed damages.

**NINTH DEFENSE**

If the plaintiffs suffered any damage or loss, which NEGasCo denies, such damage or loss was not caused by, or legally attributable to, NEGasCo.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions by NEGasCo were the proximate cause or the actual cause of the injuries or damages allegedly sustained by plaintiffs, and, alternatively, because any injuries or damages allegedly sustained by plaintiffs were the result of intervening or superseding events, factors, occurrences or conditions not proximately caused by NEGasCo and for which NEGasCo is not liable.

**ELEVENTH DEFENSE**

Plaintiffs' alleged injuries are the fault of persons or entities other than NEGasCo, and for whose conduct NEGasCo is not responsible, and such claims are therefore barred against NEGasCo, or, in the alternative, such fault of persons or entities other than NEGasCo reduces plaintiffs' right of recovery by that amount which said fault of other persons or entities contributed to plaintiffs' alleged damages.

**TWELFTH DEFENSE**

Plaintiffs' claims premised on theories of agency are barred against NEGasCo because no employee, "servant" or agent of NEGasCo was authorized by NEGasCo to commit the relevant acts alleged in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiffs' claims against NEGasCo are barred because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were handled and disposed of in compliance with then applicable: (a) customs, codes,

practices, "state of the art" and/or technology of the trade and industry; and, alternatively, (b) laws and regulations.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred against NEGasCo because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were supplied to a party that was knowledgeable, experienced and/or sophisticated with regard to the properties, potential hazards and manner of safe handling of such products.

**FIFTEENTH DEFENSE**

At all times relevant hereto, NEGasCo complied with all then applicable laws and regulations, and the claims asserted by the plaintiffs are, therefore, barred and/or preempted under state or federal law, or both.

**SIXTEENTH DEFENSE**

At all relevant times, defendants acted with due care, complied with all applicable laws and regulations, and otherwise conducted themselves reasonably under the circumstances.

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to recover the types of damages, or the declaratory and injunctive relief, sought in the Complaint.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims for nuisance are barred in whole or in part by the doctrine of prescription.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by their failure to join one or more necessary and/or indispensable parties.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part on the basis that the acts complained of were performed gratuitously, for public benefit and/or as a "Good Samaritan."

**TWENTY-FIRST DEFENSE**

Plaintiffs' punitive damages claim is barred as a matter of law and public policy.

**TWENTY-SECOND DEFENSE**

Plaintiffs' punitive damages claim cannot be sustained because an award of punitive damages would violate NEGasCo's due process, equal protection, and other rights guaranteed by law, and by the Constitution of the State of Rhode Island and the United States Constitution.

**TWENTY-THIRD DEFENSE**

The Complaint, and each cause of action therein, fails to set forth facts sufficient to entitle plaintiffs to an award of punitive damages.

**TWENTY-FOURTH DEFENSE**

The Complaint, and each cause of action therein, is barred on the basis that one or more governmental entities contracted for and/or sought the deposit of the materials which are alleged to have caused plaintiffs' injuries and damages.

**TWENTY-FIFTH DEFENSE**

The Complaint, and each cause of action therein, is barred on the basis that, as a matter of contract and/or operation of law, plaintiffs waived or otherwise relinquished their claims in connection with their purchase of their properties.

**TWENTY-SIXTH DEFENSE**

To the extent plaintiffs suffered any damage, such damage was caused by the "moratorium" imposed by the Town of Tiverton, and therefore, plaintiffs have no claim and can recover no damages from NEGasCo by reason of such governmental action.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred by their failure to join all of their claims related to this matter in a single lawsuit against all allegedly responsible parties.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred because any alleged dangers claimed were open and obvious at all relevant times.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by R.I. Gen. Laws § 9-1-29.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because one or more governmental entities, including without limitation, the Rhode Island Department of Environmental Management and the Town of Tiverton, approved the development of plaintiffs' properties for residential improvement and development with actual or constructive knowledge of the conditions of which plaintiffs now complain.

**THIRTY-FIRST DEFENSE**

NEGasCo reserves the right to amend this answer, including to assert additional defenses based upon the discovery of additional facts.

**PRAYER FOR RELIEF**

WHEREFORE, NEGasCo requests that this Court enter judgment in its favor and against plaintiffs, dismissing the Complaint, and all claims therein, with prejudice, and awarding NEGasCo its costs, attorneys' and experts' fees and expenses, and granting NEGasCo such other and further relief as the Court deems just and proper.

**JURY DEMAND**

NEGasCo requests a trial by jury.

Dated: December 4, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2006, I did send a true copy of the within document by electronic means (ECF) to the following:

Russell X. Pollock, Esq.
Anthony Sbarra, Esq.
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

Paul Revere, III, Esq.
297 North Street, Suite 336
Hyannis, MA 02601

/s/ *David A. Wollin*

*401208_1.doc*