COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss

SUPERIOR COURT
CIVIL ACTION NO. ___

SHEILA REIS, DENNIS REIS,
ASHLEY REIS, MILDRED PACHECO,
GARY SOUZA, DONNA SOUZA individually
and on behalf of her minor children STEPHANIE
PEZZONE and BRITNEY CORDEIRO for whom she
id legally guardian, JAMIE BERGERON
individually and on behalf of her minor children
KRISTA CAMARA and ETHAN BARNETT,
ALAN TRECIDA and KIM TRECIDA
individually and on behalf of their minor children
ELAINA TRECIDA, ALAN J. TRECIDA, JR., and
LYNDSAY TRECIDA, and JOSEPH A. TRECIDA

Plaintiffs

v.

SOUTHERN UNION COMPANY
dba FALL RIVER GAS AND NEW
ENGLAND GAS

Defendant

# COMPLAINT

## INTRODUCTION

1. This action is a complaint to recover damages for personal injury, diminution in value of properties owned by the plaintiffs, lost of use and enjoyment of properties, emotional distress, and other damages caused by the Defendant's disposal and release directly or through agents of wastes from coal gasification and/or other industrial processes on properties owned by the plaintiff and/or which they presently or have lived.

## JURISDICTION

2. This court has jurisdiction pursuant to M.G.L. ch. 212, Sec. 4 and M.G.L. ch. 214, Sec. 1

## PARTIES

**Plaintiffs**

3. Sheila Reis has an address of and owns property located at 20 Judson Street, Tiverton Rhode Island

4. Dennis Reis has an address of and owns property located at 20 Judson Street, Tiverton Rhode Island

5. Ashley Reis has an address of 20 Judson Street, Tiverton, Rhode Island.

6. Mildred Pacheco has an address of 20 Judson Street, Tiverton, Rhode Island.

7. Gary Souza has an address of and owns property located at 40 Hooper Street, Tiverton, Rhode Island.

8. Donna Souza has an address of and owns property located at 40 Hooper Street, Tiverton, Rhode Island and is the legal guardian of plaintiffs Stephanie Pezzone and Britney Cordeiro.

9. Stephanie Pezzone is a minor and has an address of 40 Hooper Street, Tiverton, Rhode Island.

10. Britney Cordeiro is a minor and has an address of 40 Hooper Street, Tiverton, Rhode Island.

11. Jamie Bergeron has an address of 40 Hooper Street, Tiverton, Rhode Island and is the legal guardian of plaintiffs Krista Camara and Ethan Barnett.

12. Krista Camara is a minor and has an address of 40 Hooper Street, Tiverton, Rhode Island.

13. Ethan Barnett is a minor and has an address of 40 Hooper Street, Tiverton, Rhode Island.

14. Alan J. Trecida has an address of and owns property located at 37 Hooper Street, Tiverton, Rhode Island, and is the legal guardian with his wife Kim Trecida of : Elaina M. Trecida, Alan J. Trecida, Jr., and Lyndsay Trecida.

15. Kim Trecida has an address of 37 Hooper Street, Tiverton, Rhode Island, and is the legal guardian with her husband Alan Trecida: Elaina M. Trecida, Alan J. Trecida, Jr., and Lyndsay Trecida.

16. Elaina M. Trecida is a minor and has an address of 37 Hooper Street, Tiverton, Rhode Island.

17. Alan J. Trecida, Jr. is a minor and has an address of 37 Hooper Street, Tiverton, Rhode Island.

18. Lyndsay Trecida is a minor and has an address of 37 Hooper Street, Tiverton, Rhode Island.

19. Joseph A. Trecida has an address of 136 East Road Tiverton, Rhode Island, constructed the house at, and is co-signed of a mortgage for property located at 37 Hooper Street, Tiverton, Rhode Island.

**Defendant**

20. Defendant Southern Union Company is a Delaware Corporation with offices located at

One PEI Center, Wilkes Barre, Pennsylvania.

**FACTS**

21. The Fall River Gas Company ("Fall River") was incorporated in Massachusetts in 1880.

22. As part of its operations it constructed coal gasification facilities in the city of Fall River, Massachusetts.

23. Coal gasification is a commercial process was used beginning in the late 19th century to provide natural gas for heating and lighting needs in urban areas.

24. In coal gasification, coal is heated in anaerobic conditions and as gas is released from the coal.

25. The gas was then purified to remove contaminants and the resulting natural gas was distributed through a piping system to customers throughout the Fall River service area.

26. Numerous wastes which are highly toxic are produced from the process including heavy oil sludges and cyanide wastes from the purification process.

27. These wastes include high levels of cyanide, lead, arsenic, volatile organic compounds, and toxic and highly carcinogenic organic compounds known as polyaromatic hydrocarbons ("PAHs").

28. A unique/fingerprint waste of the coal gasification process is iron cyanide waste is a solid material with a strong blue color.

29. PAHs from coal gasification wastes also have a distinctive odor.

30. By the 1950s, the production of natural gas by coal gasification had significantly declined as interstate pipelines provided natural gas to urbanized areas.

31. Coal gasification plants owned by Fall River were closed and demolished with structures and soils contaminated with such wastes were disposed of.

32. Fall River maintains its principal place of business in Massachusetts at 155 North Main Street, Fall River, Massachusetts, and does so today.

33. In 2000, Fall River merged into the Southern Union Company ("Southern Union").

34. Southern Union is not a holding company of Fall River, but rather the companies are fully merged with Fall River acting as a division and not a separate corporation from Southern Union.

35. On or about August 2002, during construction and installation of the Mount Hope Bay Sewer Interceptor Project in Tiverton, Rhode Island, the sewer contractor encountered soils which appeared to contain iron cyanide and other coal gasification wastes.

36. The State of Rhode Island Department of Environmental Management [hereinafter "RIDEM"] investigated stockpiled soils initiated and laboratory analysis showed the presence of cyanide and other substances indicative of coal gasification wastes at levels presumed to impact human health and the environment.

37. Later in 2002, further investigation of the subsurface was conducted under State Avenue, Bay, Foote, Hooper, Judson, Canonicus, Chase Streets also demonstrated such coal gasification wastes at levels presumed to impact human health and the environment.

38. In 2003, historical information provided by the Town of Tiverton to RIDEM documented that coal gasification wastes produced by Fall River had been disposed of in the area of Hooper, Judson and Bay Street where the plaintiffs reside or own property.

39. On March 17,2003, RIDEM issued a Letter of Responsibility to Southern Union under Rhode Island's Hazardous Waste Management Act requiring it to investigate this area for coal gasification wastes.

40. Testing performed in response to this letter has demonstrated that the properties owned by the plaintiffs or where the plaintiffs reside were filled and/or are contaminated with coal gasification wastes.

41. In 2003, the Town of Tiverton enacted an a moratorium which prohibits any excavation on the plaintiffs property and the issuance of any building permit that requires excavation.

42. Prior to the discovery of the wastes, Plaintiffs had engaged in a number of home improvement projects using their own labor such as the construction of garages and additions, planting of shrubbery, and other improvements.

43. During these activities, plaintiffs have been exposed to and have had physical contact with the soil.

44. Prior to the discovery of the wastes, Plaintiffs have maintained vegetable gardens on their properties and have eaten vegetables grown in the contaminated soil.

45. Plaintiffs have suffered immune system responses to exposure to wastes in the soils at their properties.

46. The exposure to the wastes on their properties increases the likelihood that they will develop cancer or other grievous disease.

47. The discovery of the waste has rendered plaintiffs' property essentially valueless making it impossible to sell, refinance, or in any way access the financial value of their home.

**COUNT I**

**NEGLIGENCE**

48. Plaintiffs repeats the allegations in paragraphs 1 through 48 set forth above and further

allege as follows.

49. The Defendant had a duty to exercise reasonable care in the management of wastes from its coal gasification processes to prevent personal injury or property damage.

50. This duty is also imposed pursuant was pursuant to Massachusetts and Rhode Island statutes.

51. The Defendant had a duty to ensure that any person to whom it transferred wastes managed that waste with reasonable care to prevent personal injury or property damage.

52. The Defendant had and has a continuing duty to advise and warn of the dangers associated with the disposal of the coal gasification waste which it has generated.

53. The Defendant knew or should have known that the coal gasification wastes would cause personal injury or property damage to the plaintiffs.

54. The Defendant breached its duties by among other things: (i) disposing of the coal gasification wastes in a manner which resulted in injury to plaintiffs and their property and/or transferring the wastes to others who managed it in a manner that resulted in injury to plaintiffs and their property; and (ii) failing to notify and/or take steps to provide record notice that the area had been used for the disposal of coal gasification wastes.

55. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its negligence.

**COUNT II**

**RECKLESSNESS/GROSS NEGLIGENCE**

56. Plaintiffs repeats the allegations in paragraphs 1 through 55 set forth above and further allege as follows.

57. The Defendant had a manifest duty to exercise reasonable care in handling, disposing of, and/or releasing wastes from its coal gasification manufacturing operations.

58. This duty is also imposed pursuant was pursuant to Massachusetts and Rhode Island statutes.

59. The Defendant had a continuing manifest duty to ensure that any person to whom it transferred wastes managed that waste with reasonable care to prevent personal injury or property damage.

60. The Defendant had and has a continuing manifest duty to advise and warn of the dangers associated with the disposal of the coal gasification waste which it has generated.

61. The Defendant acted in reckless disregard as to the consequences of its actions on the plaintiffs and their property or should have known of the consequences.

62. The Defendant breached its manifest duty by among other things: (I) disposing of the coal gasification wastes in a manner which resulted in injury to plaintiffs and their property and/or transferring the wastes to others who managed it in a manner that resulted in injury to plaintiffs and

their property; and (ii) failing to notify and/or take steps to provide record notice that the area had been used for the disposal of coal gasification wastes.

63. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its recklessness.

## COUNT III

## ULTRAHAZARDOUS ACTIVITY/STRICT LIABILITY

64. Plaintiffs repeats the allegations in paragraphs 1 through 63 set forth above and further allege as follows.

65. The Defendants engaged in an ultrahazardous activity when it engaged in the business of operating coal gasification facilities and, in particular, handling, disposing, releasing and otherwise managing wastes generated from those facilities.

66. The Defendant knew, or should have known of the high degree of risk associated with the operation of coal gasification facilities and, in particular, handling, disposing, releasing and otherwise managing waste generated from those facilities.

67. The Defendant is strictly liable for the damages suffered by the Plaintiffs as a direct and proximate result of its engaging in such ultrahazardous activities without regard to fault.

**COUNT IV**

**PRIVATE NUISANCE**

68. Plaintiffs repeats the allegations in paragraphs 1 through 67 set forth above and further allege as follows.

69. The Defendant, by its handling, disposal of, and release of coal gasification wastes emanating from its own property has unreasonably interfered with the Plaintiffs' use and enjoyment of their property creating a private nuisance.

70. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of such private nuisance.

**COUNT V**

**PUBLIC NUISANCE**

71. Plaintiffs repeats the allegations in paragraphs 1 through 70 set forth above and further allege as follows.

72. The Defendant, by its handling, disposal of, and release of coal gasification wastes has unreasonably interfered with the health and safety of the public creating a public nuisance.

73. The Plaintiffs as individuals living in the area of the disposal of such wastes are especially affected and have suffered injuries different and of greater magnitude than those

of the general public from such public nuisance.

74. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of such public nuisance.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiffs requests that this court issue judgment that:

A. the Defendant is liable for compensatory and punitive damages including costs and attorneys fees;

B. an order awarding Plaintiffs such other declaratory and/or injunctive relief as permitted by law or equity as necessary to assure that the Plaintiffs have a complete and effective remedy; and

C. Such other relief as the court deems equitable and just.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

Respectfully Submitted

Paul Revere, III
(BBO 636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02632
508-778-7126

Dated: August 5, 2005

Fax 508-778-7126

05 522T

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action
No: 05-12104-WGY

SHEILA REIS, ET AL
Plaintiff

SOUTHERN UNION GAS, ET AL

Defendant

**ORDER OF TRANSFER**

**YOUNG, C.J.**

In accordance with the Court's order of Dec. 13, 2005 , Civil Action Number 05-12104-WGY is hereby transferred to the United States District Court for the District of Rhode Island.

By the Court,

/s/ Elizabeth Smith

Deputy Clerk

December 13, 2005

I hereby certify on ___ that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on ___
☐ original filed in my office on ___
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk

13

RECEIPT # 57170
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 10-21-05

A1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 OCT 21 A 10:39
U.S. DISTRICT COURT DISTRICT OF MASS.

CA 05 522T

SHEILA REIS, DENNIS REIS, ASHLEY REIS MILDRED PACHECO, GARY SOUZA, DONNA SOUZA, individually and on behalf of her minor children STEPHANIE PEZZONE and BRITNEY CORDEIRO for whom she is legally Guardian, JAMIE BERGERON, individually and on behalf of her minor children KRISTA CAMARA and ETHAN BARNETT, ALAN TRECIDA and KIM TRECIDA individually and on behalf of their minor children ELAINA TRECIDA, ALAN J. TRECIDA, JR., and LYNDSAY TRECIDA and JOSEPH A. TRECIDA,

Plaintiffs

v.

SOUTHERN UNION COMPANY dba FALL RIVER GAS COMPANY, and NEW ENGLAND GAS COMPANY,

Defendant.

NOTICE OF REMOVAL

REMOVED FROM SUPERIOR COURT, COMMONWEALTH OF MASSACHUSETTS, BRISTOL COUNTY

C.A. No.

05-12104WGY

MAGISTRATE JUDGE JGD

Scan'd

**NOTICE OF REMOVAL**

Defendant Southern Union Company (improperly sued as "dba Fall River Gas Company") and its unincorporated division New England Gas Company (collectively "Southern Union"), by and through its undersigned counsel, hereby files its Notice of Removal of this action (the "Action") from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, to the United States District Court for the District of Massachusetts. Southern Union appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1. On September 26, 2005, Plaintiffs served the Complaint (the "Complaint") upon Southern Union, in connection with the Action commenced in the Superior Court of the

DOCKETED

Commonwealth of Massachusetts, County of Bristol, Docket No. 05-0856-C. The Complaint is the first pleading served upon Southern Union in the Action.

2. Southern Union has not served a responsive pleading to the Complaint and no orders have been issued in the Action.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after Southern Union's receipt of service of the Complaint.

4. New England Gas Company is an unincorporated division of Southern Union Company. New England Gas Company was formed in 2000 with the acquisition of, inter alia, Fall River Gas Company which no longer exists. Southern Union Company is incorporated in the State of Delaware and has its principal place of business in Wilkes-Barre, Pennsylvania.

5. All Plaintiffs in the Action are residents of Rhode Island.

6. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C § 1441, in that the parties are citizens of different states and the amount in controversy with respect to each Plaintiff exceeds $75,000, exclusive of interest and costs.

7. While the Complaint does not expressly plead the amount in controversy, the civil action cover sheet indicates that the Plaintiffs seek damages in the amount of $2,950,000. In addition, it is clear from the allegations in the Complaint, including those set forth below, that each Plaintiff asserts an amount in controversy that exceeds $75,000, exclusive of interest and costs:

a. The Complaint alleges that the Action is to "recover damages for personal

injury, diminution in value of properties owned by the plaintiffs, lost [sic.] of use and enjoyment of properties, emotional distress, and other damages caused by the Defendant's disposal and release directly or through agents of wastes from coal gasification and/or other industrial processes on properties owned by the plaintiff and/or which they presently or have lived." (Compl. ¶ 1).

b. Plaintiffs allege that they have "suffered immune system responses to exposure to wastes in the soils at their properties," that the "exposure to the wastes on their properties increases the likelihood that they will develop cancer or other grievous disease" and that the "discovery of the waste has rendered plaintiffs' property essentially valueless making it impossible to sell, refinance, or in any way access the financial value of their home." (Compl. ¶¶ 45-47).

c. Plaintiffs seek compensatory and punitive damages. (Compl. "Relief Requested" at ¶ A).

8. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings and orders served upon Southern Union.

9. Pursuant to 28 U.S.C. § 1446(d), Southern Union promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, County of Bristol, and will serve a copy of the same on counsel for Plaintiffs.

10. Pursuant to Local Rule 81.1(a), a certified copy of all records and proceedings and a certified copy of all docket entries in the state court shall be filed with this Court within 30

days of the filing of this notice of removal.

11. WHEREFORE, Southern Union respectfully removes the Action now pending in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, Docket No. 05-0856-C, to the United States District Court for the District of Massachusetts.

Dated: October 21, 2005

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

John A. Tarantino (BBO# 492230)
David A. Wollin (BBO# 600487)
Kenneth DeMoura (BBO# 548910)
Kristen W. Sherman (BBO# 630141)
175 Federal Street, 10th Floor
Boston, MA 02110
(617) 482-0600
Fax: (617) 482-0604

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

*Attorneys for Defendant*
*Southern Union Company, and its unincorporated division New England Gas Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on this 21st day of October, 2005.

*347534_1.doc*

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss. SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL] No. 05-856-C

Reis, et al., Plaintiff (s)

v.

Southern Union Company, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
PLEASE INDICATE TYPE OF ACTION INVOLVED:—
TORT —MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Paul Revere, III plaintiff's attorney, whose address is 226 River View Lane, Centerville, MA 02632 an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at .................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 19th day of September, in the year of our Lord two thousand and five

Marc J. Santos, Esq.
Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

SBC 24

**Commonwealth of Massachusetts**
**County of Bristol**
**The Superior Court**

CIVIL DOCKET# **BRCV2005-00856-C**

RE: **Reis, Ind. et al v Southern Union Company et al**

TO:Paul Revere III, Esquire
226 River View Lane
Centerville, MA 02630

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/03/2005 |
| Response to the complaint filed (also see MRCP 12) | 01/02/2006 |
| All motions under MRCP 12, 19, and 20 filed | 01/02/2006 |
| All motions under MRCP 15 filed | 10/29/2006 |
| All discovery requests and depositions completed | 09/24/2007 |
| All motions under MRCP 56 served and heard | 11/23/2007 |
| Final pre-trial conference held and firm trial date set | 03/22/2008 |
| Case disposed | 08/04/2008 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session C sitting **in CtRm - Main (Taunton), Bristol Superior Court.**

Dated: 08/05/2005

Marc J. Santos
Clerk of the Courts
BY: Philip F. Leddy / Valerie A. Brodeur / John F. Losowski
Assistant Clerk

Location: CtRm - Main (Taunton)
Telephone: (508) 823-6588

**Disabled individuals who need handicap accommodations should contact the Administrative of the Superior Court at [illegible]**

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_3.wpd 467413 inidoc01 celeste

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

PLAINTIFF(S) Sheila Reis, etal

DEFENDANT(S) Southern Union Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul Revere, III 226 River View Lane, Centerville, MA 02632
Board of Bar Overseers number: 636200 508-778-7126

ATTORNEY (if known)

RECEIVED
Date: 8/5/05
BRISTOL SUPERIOR COURT

**Origin code and track designation**

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B21 | Environmental | (F) | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................... $............
2. Total Doctor expenses .................... $............
3. Total chiropractic expenses .................... $............
4. Total physical therapy expenses .................... $............
5. Total other expenses (describe) .................... $............

Subtotal $............

B. Documented lost wages and compensation to date .................... $............
C. Documented property damages to date .................... $1,350,000
D. Reasonably anticipated future medical and hospital expenses .................... $............
E. Reasonably anticipated lost wages .................... $............
F. Other documented items of damages (describe)
Emotional Distress, Lack of Use of Enjoyment of Property $ 600,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiffs own or reside on property contaminated by coal gasification wastes generated by defendant and disposed of on plaintiffs' property. $ 1,000,000
Plaintiffs' property has been rendered valueless and have suffered personal injury TOTAL $ 2,950,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 8/5/05

MAS-20041213 barbmeli

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
***Case Summary***
**Civil Docket**

10/26/2005 09:59 AM

## BRCV2005-00856
## Reis, Ind. et al v Southern Union Company et al

| Date | Paper | Text |
|---|---|---|
| 10/14/2005 | 2.0 | Stipulation to extend time for Southern Union Company, New England Gas to file an answer/responsive pleading to the complaint to and including November 15, 2005 |
| 10/24/2005 | 3.0 | Notice for Removal to the United States District Court filed by Southern Union Company |
| 10/24/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| Date | Session | Event | Result |
|---|---|---|---|
| 08/05/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial one trial review - case properly brought in Superior Court VAB | Event held as scheduled |

CLOSED

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:05-cv-12104-WGY**

Reis et al v. Southern Union Company et al
Assigned to: Judge William G. Young
Cause: 28:1332 Diversity-Property Damage

Date Filed: 10/21/2005
Jury Demand: Plaintiff
Nature of Suit: 290 Real Property: Other
Jurisdiction: Diversity

**Plaintiff**

**Sheila Reis**
*Individually and on behalf of her minor children*

represented by **Russell X. Pollock**
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3000
Fax: 617-241-5115
Email: rpollock@campbell-trial-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dennis Reis**
*Individually and on behalf of his minor children*

represented by **Russell X. Pollock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ashley Reis**
*Individually and on behalf of her minor children*

represented by **Russell X. Pollock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mildred Pacheco**
*Individually and on behalf of her minor children*

represented by **Russell X. Pollock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary Souza**
*Individually and on behalf of his minor children*

represented by **Russell X. Pollock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Donna Souza**<br>*Individually and on behalf of her minor children* | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Stephanie Pezzone** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Britney Cordeiro** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Jamie Bergeron**<br>*Individually and on behalf of her minor children* | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Krista Camara** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Ethan Barnett** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Alan Trecida**<br>*Individually and on behalf of his minor children* | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Kim Trecida**<br>*Individually and on behalf of her minor children* | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Elaina Trecida** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **Alan J. Trecida, Jr.** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **Lyndsay Trecida** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **Joseph A. Trecida** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **All Plaintiffs** | represented by | **Russell X. Pollock**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

| | | |
|---|---|---|
| **Defendant** | | |
| **Southern Union Company**<br>*doing business as*<br>Fall River Gas Company, | represented by | **David A. Wollin**<br>Adler, Pollock & Sheehan, PC<br>2300 Financial Plaza<br>Providence, RI 02903<br>401-274-7200<br>Fax: 401-351-4607<br>Email: dwollin@apslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John A. Tarantino**<br>Adler, Pollock & Sheehan P.C.<br>2300 Financial Plaza<br>Providence, RI 02903<br>401-274-7200<br>Fax: 401-351-4607<br>Email: jtarantino@apslaw.com<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Kenneth J. DeMoura**
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: kdemoura@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen W. Sherman**
Adler, Pollock & Sheehan PC
2300 Financial Plaza
Providence, RI 02903-2443
401-274-7200
Fax: 401-351-4607
Email: ksherman@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**New England Gas Company** represented by **David A. Wollin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Tarantino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth J. DeMoura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen W. Sherman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2005 | 1 | NOTICE OF REMOVAL by Southern Union Company, New England Gas Company from Bristol County Superior Court, case number 05-0856. $ 250, receipt number 67712 (Attachments: # 1 Civil Cover Sheet) (Patch, Christine) (Entered: 10/24/2005) |

| | | |
|---|---|---|
| 10/21/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Patch, Christine) (Entered: 10/24/2005) |
| 10/24/2005 | | Letter sent to Attorney Paul Revere, III advising of inactive status in the Bar of this Court. Notice, reregistration and ECF application included. (Patch, Christine) (Entered: 10/24/2005) |
| 10/25/2005 | 2 | Assented to MOTION for Extension of Time to November 15, 2005 to File Answer *or Otherwise Respond* by Southern Union Company, New England Gas Company.(DeMoura, Kenneth) (Entered: 10/25/2005) |
| 10/25/2005 | 3 | CORPORATE DISCLOSURE STATEMENT by Southern Union Company, New England Gas Company. (DeMoura, Kenneth) (Entered: 10/25/2005) |
| 10/27/2005 | | Judge William G. Young : ElectronicORDER entered granting 2 Motion for Extension of Time to Answer Southern Union Company answer due 11/15/2005; New England Gas Company answer due 11/15/2005. (Smith, Bonnie) (Entered: 10/27/2005) |
| 10/28/2005 | 4 | STATE COURT Record. (Smith, Bonnie) (Entered: 11/01/2005) |
| 11/02/2005 | 5 | Assented to MOTION for Leave to Appear Pro Hac Vice by David E. Ross by Southern Union Company, New England Gas Company. (DeMoura, Kenneth) (Entered: 11/02/2005) |
| 11/02/2005 | 6 | DECLARATION re 5 Assented to MOTION for Leave to Appear Pro Hac Vice by David E. Ross by Southern Union Company, New England Gas Company. (DeMoura, Kenneth) (Entered: 11/02/2005) |
| 11/14/2005 | 7 | MOTION to Transfer Case by Southern Union Company, New England Gas Company.(Wollin, David) (Entered: 11/14/2005) |
| 11/14/2005 | 8 | MEMORANDUM in Support re 7 MOTION to Transfer Case filed by Southern Union Company, New England Gas Company. (Attachments: # 1 Exhibit to Memorandum of Law)(Wollin, David) (Entered: 11/14/2005) |
| 12/01/2005 | 9 | NOTICE of Appearance by Russell X. Pollock on behalf of Britney Cordeiro, Jamie Bergeron, Krista Camara, Ethan Barnett, Alan Trecida, Kim Trecida, Elaina Trecida, Alan J. Trecida, Jr, Lyndsay Trecida, Joseph A. Trecida, Sheila Reis, Dennis Reis, Ashley Reis, Mildred Pacheco, Gary Souza, Donna Souza, Stephanie Pezzone. c/s. (Bell, Marie) (Entered: 12/02/2005) |
| 12/01/2005 | 10 | ASSENTED TO MOTION for Leave for Paul Revere III to Appear Pro Hac Vice by All Plaintiffs. c/s.(Bell, Marie) (Entered: 12/02/2005) |
| 12/01/2005 | 11 | Certificate of Good Standing by Paul Revere, III re 10 MOTION for Leave to Appear Pro Hac Vice by Paul Revere, III. c/s. (Bell, Marie) (Entered: 12/02/2005) |
| 12/01/2005 | 12 | AGREED TO MOTION for Extension of Time to 12/5/05 to File |

| | | |
|---|---|---|
| | | Response/Reply as to 7 MOTION to Transfer Case by All Plaintiffs.c/s. (Bell, Marie) (Entered: 12/02/2005) |
| 12/02/2005 | | Judge William G. Young : Electronic ORDER entered granting 12Agreed to Motion for Extension of Time to File Response/Reply re 7 MOTION to Transfer Case Responses due by 12/5/2005. cc/cl. (Bell, Marie) (Entered: 12/02/2005) |
| 12/13/2005 | | Judge William G. Young : Electronic ORDER entered granting 7 Motion to Transfer Case. The case is ordered transferred to the USDC for the District of Rhode Island. cc/cl (Smith, Bonnie) (Entered: 12/13/2005) |
| 12/13/2005 | 13 | Judge William G. Young : ORDER OF TRANSFER to the USDC for the District of Rhode Island entered. cc/cl(Smith, Bonnie) (Entered: 12/13/2005) |
| 12/13/2005 | | Civil Case Terminated. (Smith, Bonnie) (Entered: 12/13/2005) |
| 12/27/2005 | | Return receipt received for mail sent to Rhode Island District Court Delivered on 12/15/05 (Bell, Marie) (Entered: 12/27/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/27/2006 09:45:21 | | | |
| PACER Login: | us6061 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:05-cv-12104-WGY |
| Billable Pages: | 4 | Cost: | 0.32 |

A1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

CA 05 522T

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE

2005 OCT 21 A 10: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

**I. (a) PLAINTIFFS**

Sheila Reis, Dennis Reis, et al.

(b) County of Residence of First Listed Plaintiff Newport County, RI
(EXCEPT IN U.S. PLAINTIFF CASES)

05-12104WGY

(c) Attorney's (Firm Name, Address, and Telephone Number)

Paul Revere III (BBO# 636200), 226 River View Lane, Centerville, MA 02632 (508) 778-7126

**DEFENDANTS**

Southern Union Company dba Fall River Gas and New England Gas

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

(see attachment)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. s. 1332

Brief description of cause:
Removal of state law case, diversity jurisdiction pursuant to 28 U.S.C. s. 1332.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 10/21/05 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE