**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHEILA REIS, DENNIS REIS, and ASHLEY REIS<br>Plaintiffs<br><br>v.<br><br>NEW ENGLAND GAS COMPANY,<br>Defendant,<br>Third Party Plaintiff<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION, INC.; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT, LLC.<br>Third Party Defendants | : | C.A No. 05-522T<br>(Related Cases: 05-274T; 05-370T; 05-0221T) |

**ANSWER OF INLAND FUELS, INC. TO THIRD-PARTY COMPLAINT**

Inland Fuel Terminals, Inc. ("Inland") hereby answers the Third Party Complaint of New England Gas Company (September 17, 2007) as follows:

PARTIES

1. – 5. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 1 through 5 and therefore leaves the Third-Party Plaintiff to its proof.

6. Admitted.

7. – 8. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 7 and 8 and therefore leaves the Third-Party Plaintiff to its proof.

JURISDICTION AND VENUE

9. Inland admits that it is subject to personal jurisdiction in the District of Rhode Island. Inland otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 9 and therefore leaves the Third-Party Plaintiff to its proof.

10. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 10 and therefore leaves the Third-Party Plaintiff to its proof.

FACTUAL ALLEGATIONS

11. – 12. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 11 – 12 and therefore leaves the Third-Party Plaintiff to its proof.

13. Paragraph 13 alleges legal conclusions to which no response is required. Insofar as any response is required, Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 13 and therefore leaves the Third-Party Plaintiff to its proof.

14. – 17. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 14 through 17 and therefore leaves the Third-Party Plaintiff to its proof.

18. – 21. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 18 through 21 and therefore leaves the Third-Party Plaintiff to its proof.

22. – 28. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 22 through 28 and therefore leaves the Third-Party Plaintiff to its proof.

29. – 36. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 29 through 36 and therefore leaves the Third-Party Plaintiff to its proof.

37. Denied as alleged. Inland has leased the property described as "the Tank Farm" since 1995.

38. Denied.

39. Denied as alleged. The incident described as the "November 2005 Spill" involved a truck owned and operated by a party wholly unrelated to Inland. Inland further denies Paragraph 39 insofar as it alleges or implies that the "November 2005 Spill" was an "example" of similar occurrences rather than an isolated incident. Inland lacks knowledge or information sufficient to form a belief as to the truth of the other matters alleged in Paragraph 39 and therefore leaves the Third-Party Defendant to its proof.

40. Denied.

41. – 44. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 41 through 44 and therefore leaves the Third-Party Plaintiff to its proof.

ANSWER AS TO FIRST CAUSE OF ACTION

45. Inland's answers to Paragraph 1 through 44 of the Third-Party Complaint are hereby realleged and incorporated by reference as its answers to Paragraph 45.

46. The matters alleged in Paragraph 46 are denied insofar as they relate to Inland. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 46 insofar as they relate to other Third-Party Defendants and to that extent leaves the Third-Party Plaintiff to its proof.

ANSWER AS TO SECOND CAUSE OF ACTION

47. Inland's answers to Paragraph 1 through 46 of the Third-Party Complaint are hereby realleged and incorporated by reference as its answers to Paragraph 47.

48. – 49. The matters alleged in Paragraphs 48 and 49 are denied insofar as they relate to Inland. Inland lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 48 and 49 insofar as they relate to other Third-Party Defendants and to that extent leaves the Third-Party Plaintiff to its proof.

FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against Inland on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The claims of the Third-Party Plaintiff are barred by the equitable doctrine of unclean hands.

THIRD AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's claims against Inland are barred in whole or part by the applicable statutes of limitation.

FOURTH AFFIRMATIVE DEFENSE

The subject matter of the Third-Party Complaint is within the primary jurisdiction of the Rhode Island Department of Environmental Management ("RIDEM"). The Court should defer

to RIDEM's conclusions concerning responsibility for the contamination at issue in this case because RIDEM is better suited to resolve that issue by virtue of its administrative expertise in the subject matter, and because RIDEM is the administrative agency responsible for interpreting and applying relevant Rhode Island law.

FIFTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's claims against Inland are barred in whole or part by the doctrines of issue preclusion, collateral estoppel or res judicata insofar as the Rhode Island Department of Environmental Management has already determined that the Third Party Plaintiff is responsible for the contamination at issue in the plaintiffs' Complaint in this action

INLAND FUEL TERMINALS, INC.
By its attorneys,

*/s/ Paul M. Sanford*
Paul M. Sanford, Esq. (#2997)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, Rhode Island 02903
401.831.8330 Telephone
401.831.8359 Facsimile
psanford@burnslev.com

Dated: October 10, 2007

**CERTIFICATION**

I hereby certify that on this 10th day of October, 2007, a true copy of the foregoing was sent by electronic means (ECF) to:

John A. Tarantino
David A. Wollin
Kristen W. Sherman
ADLER, POLLOCK & SHEEHAN P.C.
One Citizens Plaza, Suite 8
Providence, RI 02903

Eric D. Herschmann
David E. Ross
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019

Christina Dodds
BISHOP, LONDON, BROPHY & DODDS
3701 Bee Cave Road, Suite 200
Austin, Texas 78746

Gerald J. Petros
Robin L. Main
HINCKLEY, ALLEN & SNYDER
50 Kennedy Plaza
Providence, RI 02903

Robert J. McConnell / John J. McConnell, Jr.
Michael G. Rousseau / Aileen L. Sprague
Jonathan D. Orent
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02940

Neil T. Leifer
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McROBERTS, ROBERTS & RAINER LLP
53 State Street
Boston, MA 02109

Paul Revere, III
LAW OFFICES OF PAUL REVERE, III
226 River View Lane
Centerville, MA 02632

Russell X. Pollock / Charles K. Mone
Anthony J. Sbarra, Jr.
CAMPBELL, CAMPBELL, EDWARDS &
CONROY, PC
One Constitution Plaza
Boston, MA 02129

Brian R. Cunha
BRIAN CUNHA & ASSOCIATES, P.C.
904 Broadway
East Providence, RI 02914

Christopher P. McCormack
PULLMAN & COMLEY, LLC
850 Main Street
Bridgeport, CT 06601

Bruce G. Tucker
LEGAL MANAGEMENT SERVICES, LLC
55 Hammarlund Way
Middletown, RI 02842

Brian A. Wagner (brian.wagner@dem.ri.gov)
Michael D. Mitchell (mmitchell@admin.ri.gov)
Lewis S. Wiener (lewis.wiener@sablaw.com)

Susan B. Wilson (susan.wilson@dem.ri.gov)
Gregory S. Schultz (Gregory.schultz@dem.ri.gov)

*/s/ Susan M. Cook*