**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SHEILA REIS, DENNIS REIS and
ASHLEY REIS, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendants/Third-Party
Plaintiff,

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; CHEVRON OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,

Third-Party Defendants.

C.A. No. 05-522T
(Related Cases: 05-274T; 05-370T; 05-0221T)

**ORIGINAL ANSWER OF GULF OIL CORPORATION, NOW KNOWN AS CHEVRON U.S.A. INC., TO THIRD-PARTY COMPLAINT**

Third-Party Defendant Gulf Oil Corporation, now known as Chevron U.S.A. Inc. ("Chevron"), files this Original Answer to Third-Party Plaintiff New England Gas Company's ("NEGC") Third-Party Complaint and respectfully shows the Court the following:

## Special Defenses

Pursuant to Rule 12(b)(6), the Third-Party Complaint fails to state a claim for which relief may be granted.

**Answer**

1. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Chevron admits that its principal place of business is in San Ramon, California. Chevron denies all remaining allegations contained in paragraph 5.

6. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Chevron admits the allegations contained in paragraph 9.

10. Chevron admits the allegations contained in paragraph 10.

11. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 11. Chevron denies that it caused any alleged contamination of any of plaintiffs' properties. Chevron further states that plaintiffs' Complaint speaks for itself and is the best evidence of its terms.

12. Chevron denies that it caused any alleged contamination of any of plaintiffs' properties. Otherwise, Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Chevron denies the allegations contained in paragraph 13.

14. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Chevron denies the allegations contained in paragraph 33.

34. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Chevron denies the allegations contained in paragraph 35.

36. Chevron denies the allegations contained in paragraph 36.

37. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Chevron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Chevron repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

46. Chevron denies the allegations contained in paragraph 46.

47. Chevron repeats and re-alleges paragraphs 1-46 as if fully set forth herein.

48. Chevron denies the allegations contained in paragraph 48.

49. Chevron denies the allegations contained in paragraph 49.

## Affirmative Defenses

1. Third-Party Plaintiff's claims are barred by limitations.
2. Third-Party Plaintiff's claims are barred by laches.
3. Third-Party Plaintiff's claims are barred by waiver.
4. Third-Party Plaintiff's claims are barred by estoppel.
5. Third-Party Plaintiff's claims are barred by contributory negligence.
6. Third-Party Plaintiff's claims are barred by the equitable doctrine of unclean hands.

7. Some party or parties other than Chevron, over whom Chevron exercised no control and for whom Chevron was not responsible, was the sole proximate cause of NEGC's alleged injuries.

8. The injuries and damages claimed by NEGC, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Chevron was not the proximate and/or competent producing cause of such alleged injuries and damages.

9. The injuries and damages alleged by NEGC, if any, were the result of unavoidable circumstances or acts of God that could not have been prevented by any person, including Chevron.

10. Chevron is entitled to a credit or offset for any and all sums NEGC has received or may hereafter receive by way of any and all settlements arising from NEGC's claims and causes of action. Chevron alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Rhode Island law.

11. NEGC's' damages, if any, were caused by negligent acts of third parties and Chevron is entitled to a comparative apportionment of fault, if any, as to any other plaintiffs, defendants, cross-defendants, and/or responsible third parties, and is entitled to judgment against them herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of fault.

12. The subject matter of the Third-Party Complaint is within the primary jurisdiction of the Rhode Island Department of Environmental Management ("RIDEM"). The Court should defer to RIDEM's conclusions concerning responsibility for the contamination at issue in this

case because RIDEM is better suited to resolve that issue by virtue of its administrative expertise in the subject matter, and because RIDEM is the administrative agency responsible for interpreting and applying relevant Rhode Island law.

## Prayer for Relief

WHEREFORE, Chevron denies any liability to New England Gas Company, demands a judgment for costs, and prays that a take nothing judgment be entered against New England Gas Company, and for all other and further relief, in law and in equity, to which it is justly entitled.

By: */s/ Bruce G. Tucker*
Bruce B. Tucker (0563)
55 Hammarlund Way
Middletown, RI 02842
401-843-8400

David A. Crichlow *(pro hac vice)*
David Goldberg *(pro hac vice)*
1540 Broadway
New York, NY 10036-4039
(212) 858-1000
PILLSBURY WINTHROP SHAW PITTMAN LLP

**Attorneys for**
**Gulf Oil Corporation, now known as Chevron U.S.A. Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2007, I did send a true copy of the within document by electronic means (ECF) or by certified mail, return receipt requested to the following:

Kristen W. Sherman
John A. Tarantino
David A. Wollin
ADLER POLLOCK & SHEEHAN P.C
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
ksherman@apslaw.com
jtarantino@apslaw.com
dwollin@apslaw.com

Seth Davis
Eric D. Herschmann
Noelle M. Kowalczyk
David E. Ross
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
eherschmann@kasowitz.com
dross@kasowitz.com

Christina Dodds
BISHOP, LONDON, BROPHY, & DODDS
3701 Bee Cave Road, Suite 200
Austin, TX 78746
CDodds@bishoplondon.com

Robin-Lee Main
Gerald J. Petros
HINCKLEY, ALLEN & SNYDER
50 Kennedy Plaza
Providence, RI
gpetros@haslaw.com
rmain@haslaw.com

John J. McConnell, Jr.
Robert J. McConnell
Jonathan D. Orent
Aileen L. Sprague
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02903
jmcconnell@motleyrice.com
bmcconnell@motleyrice.com
jorent@motleyrice.com
asprague@motleyrice.com

Susan B. Forcier
Gregory S. Schultz
Brian A. Wagner
R.I. Department of Environmental Management
Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02903
susan.wilson@dem.ri.gov
gregory.schultz@dem.ri.gov
brian.wagner@dem.ri.gov

David A. Cetola
Mark W. Roberts
Heather Spurlock Kennealy
MCROBERTS,ROBERTS & RAINER, LLP
53 State Street
Boston, MA 02109
mroberts@mcrobertslaw.com
dcetola@mcrobertslaw.com
hskennealy@mcrobertslaw.com

Charles K. Mone
Russell X. Pollock
Anthony J. Sbarra, Jr.
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

Gregory L. Benik
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com

Michael D. Mitchell
Department of Administration
One Capitol Hill
Providence, RI 02908
mmitchell@admin.ri.gov

Matthew B. Smith
Matthew B. Smith Attorney at Law
1206 Westminster Street
Providence, RI 02903
matthew@verdecchialaw.com

Brian R. Cunha
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914

Jeffrey Bromme
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004

Christopher P. McCormack
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Thomas F. McGuire, Jr.
City of Fall River
1 Government Center, 6th Floor
Fall River, MA 02722

Thomas F. McGuire, Jr.
Law Offices of McGuire & Coughlin, P.C.
The Academy Building
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187

Paul M. Sanford
Burns & Levinson LLP
One Citizen Plaza, Suite 1100
Providence, RI 02903
psanford@burnslev.com

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Lewis.wiener@sablaw.com

Neil T. Leifer
Brad J. Mitchell
Christian F. Uehlein
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Paul Revere, III
Law Office of Paul Revere, III
297 North Street, Suite 337
Hyannis, MA 02601

William D. Wick
Wactor & Wick
180 Grand Avenue, Suite 950
Oakland, CA 94612

Jeanne M. Scott
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903

James F. Stutts
VP and General Counsel
Dominion Resources, Inc.
120 Tredegar Street
Richmond, VA 23219

James F. Stutts
Dominion Energy Brayton Point LLC
One Brayton Point Road
Somerset, MA 02725

Kimberly A. Simpson
Benjamin V. White
Vetter & White
20 Washington Place
Providence, RI 02903
ksimpson@vetterandwhite.com
bwhite@vetterandwhite.com

Christian B. W. Stephens
Craig R. Waksler
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
cstephens@taylorduane.com
cwaksler@taylorduane.com

/s/ *Bruce G. Tucker*