UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---------------------------------------------------X
GAIL CORVELLO, JOHN D. CORVELLO :
and JOHN F. CORVELLO, et al., :
:
Plaintiffs, :
vs. : C.A. No. 05-221T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
:
Third-Party Defendants. :
---------------------------------------------------X
---------------------------------------------------X
KEVIN BURNS, et. al. :
Plaintiffs, :
:
vs. : C.A. No. 05-274T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
:
Third-Party Defendants. :
---------------------------------------------------X
---------------------------------------------------X
COLLEEN BIGELOW, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-370T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff :
:

vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
:
Third-Party Defendants. :
---------------------------------------------------X
---------------------------------------------------X
SHEILA REIS, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-522T
:
SOUTHERN UNION COMPANY dba :
FALL RIVER GAS and :
NEW ENGLAND GAS :
Defendants/Third-Party :
Plaintiffs, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC; et al., :
:
Third-Party Defendants. :
---------------------------------------------------X

**NEW ENGLAND GAS COMPANY'S ANSWER**
**TO THE COUNTERCLAIM OF TOWN OF TIVERTON**

Defendant and Third Party Plaintiff, New England Gas Company, Inc. ("NEGasCo"), by its undersigned counsel, responds to the Counterclaim of Third Party Defendant Town of Tiverton[1] ("the Counterclaim") as follows:

1. NEGasCo admits the allegations set forth in paragraphs 1 and 2 of the Counterclaim.

2. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 5 of the Counterclaim.

[1] Town of Tiverton shall hereinafter be referred to as "Tiverton."

3. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaim, except denies that "the stockpiled soils . . . had a blue color associated with it, indicative of historic coal gasification waste material."

4. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7 and 8 of the Counterclaim.

5. NEGasCo admits the allegations set forth in paragraph 9 of the Counterclaim.

6. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 10 through 16 of the Counterclaim.

7. NEGasCo admits the allegations set forth in paragraph 17, and respectfully refers the Court to the letter for its contents.

8. NEGasCo denies the allegations set forth in paragraph 18 of the Counterclaim.

9. NEGasCo denies the allegations set forth in paragraph 19 of the Counterclaim, except admits that long ago Fall River Gas Company maintained coal gasification facilities in Fall River, Massachusetts.

10. NEGasCo denies the allegations set forth in paragraphs 20 through 23 of the Counterclaim.

11. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Counterclaim.

12. NEGasCo admits the allegations set forth in paragraph 25 of the Counterclaim, except is without knowledge or information sufficient to form a belief as to whether "Tiverton owns property within the Moratorium Area including [] right of ways."

13. NEGasCo denies the allegations set forth in paragraphs 26 and 27 of the Counterclaim.

14. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Counterclaim.

15. NEGasCo denies the allegations set forth in paragraphs 29 and 30 of the Counterclaim.

**COUNT ONE**

**(Negligence)**

16. In response to paragraph 31 of the Counterclaim, NEGasCo repeats and realleges its responses to paragraphs 1 through 30 of the Counterclaim as if such responses were fully set forth herein.

17. NEGasCo denies the allegations set forth in paragraphs 32 through 39 of the Counterclaim.

**COUNT TWO**

**(Public Nuisance)**

18. In response to paragraph 40 of the Counterclaim, NEGasCo repeats and realleges its responses to paragraphs 1 through 39 of the Counterclaim as if such responses were fully set forth herein.

19. NEGasCo denies the allegations set forth in paragraphs 41 through 44 of the Counterclaim.

**COUNT THREE**

**(Strict Liability)**

20. In response to paragraph 45 of the Counterclaim, NEGasCo repeats and realleges its responses to paragraphs 1 through 44 of the Counterclaim as if such responses were fully set forth herein.

21. NEGasCo denies the allegations set forth in paragraphs 46 through 49 of the Counterclaim.

**COUNT FOUR**

**(Recovery of Response Costs Under CERCLA 42 U.S.C. §9601, et seq)**

22. In response to paragraph 50 of the Counterclaim, NEGasCo repeats and realleges its responses to paragraphs 1 through 49 of the Counterclaim as if such responses were fully set forth herein.

23. NEGasCo denies the allegations set forth in paragraphs 51 through 54 of the Counterclaim.

**COUNT FIVE**

**(Trespass)**

24. In response to paragraph 55 of the Counterclaim, NEGasCo repeats and realleges its response to paragraphs 1 through 54 of the Counterclaim as if such responses were fully set forth herein.

25. NEGasCo admits the allegations set forth in paragraph 56 of the Counterclaim, except is without knowledge or information sufficient to form a belief as

to whether "Tiverton owns property within the Moratorium Area including [] right of ways."

26. NEGasCo denies the allegations set forth in paragraphs 57 through 61 of the Counterclaim.

**FIRST DEFENSE**

The Counterclaim, and each count alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Tiverton's claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

Tiverton's claims are barred by the doctrine of laches.

**FOURTH DEFENSE**

Tiverton lacks standing to bring the claims asserted in the Counterclaim, and alternatively, Tiverton failed to file suit in the correct legal capacity and/or with the required authorization and procedure.

**FIFTH DEFENSE**

Tiverton's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

To the extent Tiverton seeks remediation (or its equivalent, whether styled as abatement of a nuisance, or otherwise), the Court lacks jurisdiction to order same, and

Tiverton can not obtain such remedy in this action, as such remedy falls exclusively within the jurisdiction of the Rhode Island Department of Environmental Management.

**SEVENTH DEFENSE**

Tiverton's claims are barred in whole or in part by Tiverton's assumption of risk, including without limitation, because Tiverton, or its predecessors in interest or its agents, had knowledge of and accepted and assumed the hazards and risks which caused, contributed to or resulted in its alleged damages.

**EIGHTH DEFENSE**

Tiverton has failed, refused and/or neglected to mitigate the damages alleged in the Counterclaim, and alternatively, Tiverton has by its own acts and omissions increased its claimed damages.

**NINTH DEFENSE**

If Tiverton suffered any damage or loss, which NEGasCo denies, such damage or loss was not caused by, or legally attributable to, NEGasCo.

**TENTH DEFENSE**

Tiverton's claims are barred, in whole or in part, because none of the alleged acts or omissions by NEGasCo were the proximate cause or the actual cause of the injuries or damages allegedly sustained by Tiverton, and, alternatively, because any injuries or damages allegedly sustained by Tiverton were the result of intervening or superseding events, factors, occurrences or conditions not proximately caused by NEGasCo and for which NEGasCo is not liable.

**ELEVENTH DEFENSE**

Tiverton's alleged injuries are the fault of persons or entities other than NEGasCo, and for whose conduct NEGasCo is not responsible, and such claims are therefore barred against NEGasCo, or, in the alternative, such fault of persons or entities other than NEGasCo reduces Tiverton's right of recovery by that amount which said fault of other persons or entities contributed to Tiverton's alleged damages.

**TWELFTH DEFENSE**

Tiverton's claims premised on theories of agency are barred against NEGasCo because no employee, "servant" or agent of NEGasCo was authorized by NEGasCo to commit the relevant acts alleged in the Counterclaim.

**THIRTEENTH DEFENSE**

Tiverton's claims against NEGasCo are barred because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were handled and disposed of in compliance with then applicable: (a) customs, codes, practices, "state of the art" and/or technology of the trade and industry; and, alternatively, (b) laws and regulations.

**FOURTEENTH DEFENSE**

Tiverton's claims are barred against NEGasCo because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were supplied to a party that was knowledgeable, experienced and/or sophisticated with regard to the properties, potential hazards and manner of safe handling of such products.

**FIFTEENTH DEFENSE**

At all times relevant hereto, NEGasCo complied with all then applicable laws and regulations, and the claims asserted by Tiverton are, therefore, barred and/or preempted under state or federal law, or both.

**SIXTEENTH DEFENSE**

At all relevant times, NEGasCo acted with due care, complied with all applicable laws and regulations, and otherwise conducted itself reasonably under the circumstances.

**SEVENTEENTH DEFENSE**

Tiverton is not entitled to recover the types of damages sought in the Counterclaim.

**EIGHTEENTH DEFENSE**

Tiverton's claims for nuisance are barred in whole or in part by the doctrine of prescription.

**NINETEENTH DEFENSE**

Tiverton's claims are barred by its failure to join one or more necessary and/or indispensable parties.

**TWENTIETH DEFENSE**

Tiverton's claims are barred in whole or in part on the basis that the acts complained of were performed gratuitously, for public benefit and/or as a "Good Samaritan."

**TWENTY-FIRST DEFENSE**

Tiverton's punitive damages claim is barred as a matter of law and public policy.

**TWENTY-SECOND DEFENSE**

Tiverton's punitive damages claim cannot be sustained because an award of punitive damages would violate NEGasCo's due process, equal protection, and other rights guaranteed by law, and by the Constitution of the State of Rhode Island and the United States Constitution.

**TWENTY-THIRD DEFENSE**

The Counterclaim, and each cause of action therein, fails to set forth facts sufficient to entitle Tiverton to an award of punitive damages.

**TWENTY-FOURTH DEFENSE**

The Counterclaim, and each cause of action therein, is barred on the basis that Tiverton or other governmental entities contracted for and/or sought the deposit of the materials which are alleged to have caused Tiverton's injuries and damages.

**TWENTY-FIFTH DEFENSE**

To the extent Tiverton suffered any damage, such damage was caused by the "moratorium" imposed by Tiverton, and therefore, Tiverton has no claim and can recover no damages from NEGasCo by reason of its own governmental action.

**TWENTY-SIXTH DEFENSE**

Tiverton's claims are barred by its failure to join all of its claims related to this matter in a single lawsuit against all allegedly responsible parties.

**TWENTY-SEVENTH DEFENSE**

Tiverton's claims are barred because any alleged dangers claimed were open and obvious at all relevant times.

**TWENTY-EIGHTH DEFENSE**

Tiverton's claims are barred in whole or in part by R.I. Gen. Laws § 9-1-29.

**TWENTY-NINTH DEFENSE**

Tiverton's claims are barred in whole or in part because one or more governmental entities, including, without limitation, Tiverton and the Rhode Island Department of Environmental Management, approved the development of Plaintiffs' properties for residential improvement and development with actual or constructive knowledge of the conditions of which Tiverton now complains.

**THIRTIETH**

NEGasCo reserves the right to amend this answer, including to assert additional defenses based upon the discovery of additional facts.

**PRAYER FOR RELIEF**

WHEREFORE, NEGasCo requests that this Court enter judgment in its favor and against plaintiffs, dismissing the Counterclaim, and all claims therein, with prejudice, and awarding NEGasCo its costs, attorneys' and experts' fees and expenses, and granting NEGasCo such other and further relief as the Court deems just and proper.

**JURY DEMAND**

NEGasCo requests a trial by jury.

Dated: December 5, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

By: */s/ David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>Taylor Duane Barton & Gilman LLP<br>10 Dorrance Street<br>Suite 700<br>Providence, RI 02903 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William David Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 |

*/s/ David A. Wollin*

*437303_1.doc*