UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br>*Defendant/Third-Party Plaintiff,*<br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br>*Third-Party Defendants* | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases: 05-274T; 05-370T; 05-522T) |

**New England Gas Company's Reply to the Plaintiffs' Opposition to Motion for Partial Judgment on the Pleadings**

The Plaintiffs' opposition to New England Gas Company's ("NEGasCo") motion for partial judgment on the pleadings fails to address the dispositive issue in that motion – that Rhode Island law does not recognize a common law duty to remediate and Rhode Island has established a comprehensive statutory and regulatory scheme administered by RIDEM, which completely occupies the field of environmental remediation. The Plaintiffs neither cite to any cases finding that Rhode Island has a common law duty to remediate – because none exists – nor do they dispute that RIDEM is the agency authorized to develop objectives for cleanup of contamination – because it is. Instead of addressing the exclusive role of RIDEM in the remediation of contaminated sites, the Plaintiffs present the Court with numerous references to over one hundred years of nuisance law in Rhode Island. Such law is irrelevant to NEGasCo's motion for partial judgment on the pleadings. What is relevant is that Rhode Island statutory law, primarily

IPRRA[1] and the HWMA and the regulations promulgated thereunder, determine the measures that are necessary and appropriate to remediate contamination and that it would be inappropriate for the Court to substitute its judgment for that of RIDEM. If this Court were to accept the Plaintiffs' argument, who would determine whether a proposed remedial alternative is adequate or to what extent any contamination is remediated? Those decisions must be left to RIDEM working within the confines of the statutes and regulations it administers. Similarly, this Court should abstain from exercising any jurisdiction over the Plaintiffs' claims for remediation and defer to the ongoing RIDEM/NEGasCo proceedings on the contested Amended NOV. Within those proceedings, a determination will be made as to what remediation, if any, NEGasCo may have to perform. NEGasCo's motion for partial judgment should be granted.

The Plaintiffs also should not be allowed add a count under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9607 ("CERCLA"), to their complaint. A Section 107 can only be maintained by a private party for response costs incurred consistent with the national contingency plan ("NCP") and does not provide the Plaintiffs with the type of remedy they seek – injunctive relief. In addition, such an amendment is not timely under the Court's December 1, 2005 order.

---

[1] Defined terms herein are the same as those used in NEGasCo's memorandum in support of its motion for partial judgment on the pleadings. IPRRA specifically states that the RIDEM director is authorized to adopt regulations, rules and standards to meet the policies and requirements of the statute. R.I. Gen. Laws § 23-19.14-18. The HWMA has a similar provision. R.I. Gen. Laws §23-19.1-6.

## ARGUMENT

### A. Rhode Island Statutory Law Exclusively Governs Remediation of Contaminated Properties

As set forth in NEGasCo's moving papers, remediation in Rhode Island is governed exclusively by statutory scheme, as well as the regulations promulgated thereunder, which details the remedies available for the cleanup of contamination in Rhode Island. Contrary to the Plaintiffs' assertions, these statutes – namely, IPRRA and the HWMA – completely occupy the field of the cleanup of contamination. None of the cases that the Plaintiffs cite stands for the proposition that Rhode Island recognizes a common law duty to remediate, and the Plaintiffs have left completely unchallenged the fact that RIDEM is the agency with the exclusive authority to deal with cleanups in Rhode Island. Undeterred, the Plaintiffs press this Court to create a duty to remediate from thin air on the amorphous claim of public nuisance law.[2]

Plaintiffs are wrong that Rhode Island public nuisance law creates a duty to remediate through the use of an abatement order. No court has ever substituted its judgment for that of RIDEM and determined what remedial measures at a site are necessary and appropriate. The cases that the Plaintiffs cite do not prove to the contrary and, in fact, support NEGasCo's motion that only RIDEM has the authority to govern the cleanup of environmental contamination in Rhode Island. The public nuisance cases involving contamination that the Plaintiffs cite, which were decided after the creation of

---

[2] The Plaintiffs are even confused about the relief they seek – damages or abatement in accordance with RIDEM statutes and regulations. See Plaintiffs' Opposition at p. 9. Regardless, the Court is not free to create duties or obligations inconsistent with those set forth in the various environmental statutes and such analysis is not altered by the nuisance case law.

RIDEM, all have either the RIDEM director or the State Attorney General as the plaintiff.[3]

For example, in Wood v. Picillo, 443 A.2d 1244 (R.I. 1982), former RIDEM director Wood brought suit against Warren Picillo, owner and operator of the notorious Picillo Pig Farm, to enjoin Picillo from further disposal of hazardous materials at his farm and to finance the cleanup and removal of wastes. The Superior Court granted the RIDEM director's requested relief, and the Supreme Court affirmed. What is significant in Wood is that the court did not take upon itself the task of determining how to remediate the pig farm but left that task to RIDEM. See also Reitsma et al. v. Recchia, 2000 WL 1781960 (R.I Super) (in which the court found that the defendants had failed to comply with official DEM orders to abate the illegal conditions on their property but did not substitute its judgment for RIDEM's).[4]

**B. The Court Should Defer to RIDEM on Any Remediation Plan.**

Overseeing what remedy is appropriate for contamination is within RIDEM's technical expertise. For this reason, the Court should decline to exercise jurisdiction over

[3] The public nuisance cases that the Plaintiffs cite, which do not involve contaminated property, are irrelevant. NEGasCo does not dispute that the Court has the jurisdiction to order, in certain circumstances, injunctive relief to abate a nuisance. For example, in Greenough v. Industrial Trust Co., 33 R.I. 470 (1912), the issue involved whether the court should order abatement of a portico over a portion of a sidewalk. In the 1916 case of Steere v. Tucker, 39 R.I. 531 (1916), the issue was whether a building allegedly on a highway should be removed or abated. And, in the later case of Zannini v. Arboretum Development, 1988 WL 1017288 (R.I. Super. 1988), the court properly exercised its jurisdiction to order the abatement of a drainage problem.

[4] The other environmental cases that the Plaintiffs rely on were also brought by either RIDEM and/or the Attorney General against the alleged polluter. In none of those cases did the court devise a remediation plan itself or find a common law duty to remediate. See Pine et al. v. Vinagro, 1996 WL 937004 (R.I. Super) (brought by Attorney General and RIDEM director seeking injunctive relief); Pine v. Shell Oil Company, 1993 WL 389396 (D.R.I.) (in which Attorney General as State's environmental advocate sought damages only, not abatement, against alleged polluter). Contrary to the Plaintiffs' claims, Hydro-Manufacturing Inc. v. Kayer Roth, 640 A.2d 950 (R.I.1994), does not allow a common law duty to remediate. In that case, the Supreme Court explicitly held that the creation of new duties was unwarranted in light of the state and federal laws imposing liability for environmental contamination.

the Plaintiffs' claim. The doctrines of primary jurisdiction and abstention counsel in favor of the dismissal of Plaintiffs' claim for remediation. The appropriate remediation for contamination in Rhode Island has been left by the General Assembly to RIDEM. The Court and RIDEM should not work at cross purposes. See United States v. Western Pac. RR. Co., 352 U.S. 59 (1956) (court should defer to agencies to promote uniformity and consistency in regulations entrusted to agency).

**C. The Addition of a Section 107 Claim is Futile and Untimely.**

Section 107 only allows recovery of response costs that are consistent with the NCP. Thus, it is futile for the Plaintiffs to add a Section 107 claim as it will not provide injunctive relief to the Plaintiffs. Moreover, the Plaintiffs only seek response costs in the Section 107 count they previously proposed. The addition of such a claim is also untimely under the Court's Order as is there is neither a demonstrable change in circumstances or law justifying an amendment to the Plaintiffs' complaint.

## CONCLUSION

For the reasons stated herein and in NEGasCo's motion for partial judgment on the pleadings and memorandum in support thereof, NEGasCo's motion should be granted.

Dated: December 7, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

By: */s/ David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>Taylor Duane Barton & Gilman LLP<br>10 Dorrance Street<br>Suite 700<br>Providence, RI 02903 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William David Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |

*/s/ David A. Wollin*

*437671_1.doc*