UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S OBJECTION**
**TO THE RHODE ISLAND DEPARTMENT OF ENVIORNMENTAL**
**MANAGEMENT'S MOTION TO INTERVENE**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company, responds to the Rhode Island Department of Environmental Management's motion to intervene. In support thereof, NEGasCo relies on its accompanying memorandum, which is incorporated herein.

NEW ENGLAND GAS COMPANY

*/s/ Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
rmain@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: December 21, 2007

**CERTIFICATE OF SERVICE**

To:

Notification via CMECF:

Gregory L. Benik - gbenik@jreri.com
David A. Cetola - dcetola@mcrobertslaw.com
Brian R. Cunha – brian@briancunha.com
Christina C. Dodds - CDodds@bishoplondon.com
Susan B. Forcier - susan.wilson@dem.ri.gov
Eric D. Herschmann - eherschmann@kasowitz.com
Robin-Lee Main - rmain@haslaw.com, sjfoster@haslaw.com
John J. McConnell, Jr. - jmcconnell@motleyrice.com
Robert J. McConnell - bmcconnell@motleyrice.com
Michael D Mitchell - mmitchell@admin.ri.gov
Charles K. Mone – cmone@campbell-trial-lawyers.com
Jonathan D Orent - jorent@motleyrice.com
Gerald J. Petros - gpetros@haslaw.com, clomas@haslaw.com
Russell X Pollack – rpollack@campbell-trial-lawyers.com
Paul Revere, III – revereiii@aol.com
Mark W. Roberts - mroberts@mcrobertslaw.com
David E. Ross - dross@kasowitz.com
Paul M. Sanford - psanford@burnslev.com, scook@burnslev.com
Anthony J. Sbarra, Jr. - asbarra@campbell-trial-lawyers.com
Gregory S. Schultz - gregory.schultz@dem.ri.gov
Kristen W. Sherman - ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com
Aileen L. Sprague - asprague@motleyrice.com
Heather Spurlock Kennealy - hskennealy@mcrobertslaw.com
John A. Tarantino - jtarantino@apslaw.com, dhumm@apslaw.com
Bruce Gregory Tucker - btucker@legalmgt.com
Brian A. Wagner - brian.wagner@dem.ri.gov
Lewis S. Wiener - lewis.wiener@sablaw.com
David A. Wollin - dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Notification via first class mail:

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
R.I. Department of Administration
Division of Legal Services
One Capitol Hill
Providence, RI 02903

Susan B. Wilson
RI Department of Environmental Management
235 Promenade Street, 4th Floor
Providence, RI 02908

Neil T. Leifer
Thornton & Naumes LLP
100 Summer Street
Boston, MA 02110

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Robert J. McConnell
Motley Rice LLC
321 South Main Street, 2nd Floor
Providence, RI 02903

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746

Eric D. Herschmann
David Ross
Seth Davis
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

I hereby certify that on December 21, 2007, a copy of the foregoing Objection to the Rhode Island Department of Environmental Management's Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S RESPONSE TO THE RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S MOTION TO INTERVENE**

The Rhode Island Department of Environmental Management's ("RIDEM") brief in support of its intervention motion confirms that state law consigns to RIDEM the exclusive jurisdiction and authority to determine and regulate the environmental cleanup of contaminated sites in Rhode Island.[1] RIDEM occupies the field in this area under state law, and in this very case, is exercising its discretion and authority in making remedial determinations. The General Assembly has endowed RIDEM with the authority and technical capability required to make

[1] New England Gas Company ("NEGasCo") does not oppose RIDEM's motion to intervene. While NEGasCo agrees with the basic premise of RIDEM's brief that RIDEM completely occupies the field of environmental law in Rhode Island, as set forth herein, NEGasCo disagrees that under the particular facts of this case this Court has the authority to award injunctive relief in the form of nuisance abatement.

these determinations, including a bevy of in-house analysts. The Court should defer to RIDEM and abstain from actions that would interfere with RIDEM's ongoing exercise of its authority in this area. As RIDEM correctly asserts:

> [W]here, as here, RIDEM has asserted its statutory authority over contaminated properties within its jurisdiction, and is pursuing remediation of those properties, it has fully occupied the field with regard to the remediation of such properties, thereby preventing the court from preempting RIDEM's authority to select and oversee the appropriate remedy. Moreover, were this court to hear evidence and, for example, attempt to fashion specific remediation plans for the properties at issue here, such an effort would effectively usurp RIDEM's exclusive authority to select, authorize, regulate, and generally oversee the remediation of contaminated property in Rhode Island.

RIDEM Brief at p.3.

However, perhaps to mollify the Corvello plaintiffs, RIDEM goes on to suggest that although only RIDEM, not the Court, can fashion or oversee a remedial plan for Tiverton, the Court can nevertheless adjudicate a public nuisance claim including determining liability for an abatement remedy. On that point RIDEM is wrong. An essential element of the plaintiffs' nuisance claim is proof that actionable contamination requiring remediation exists in the first place – a finding that only RIDEM can make.[2] For example, some of the plaintiffs have no actionable contamination at all on their properties. RIDEM must determine – and is in the process of doing so – whether remediation is required at any of the other properties, and whether NEGasCo is responsible for that contamination. As a matter of practice and deference, the Court should not conduct a parallel fact-finding proceeding where jurisdiction is clearly and exclusively within RIDEM and where RIDEM is actively exercising that jurisdiction. Such

---

[2] This Court dismissed plaintiffs' private nuisance claim. *See* Dkt #65. While the Court denied NEGasCo's motion to dismiss plaintiffs' public nuisance claim, the Court recognized that such claim may be subject to dismissal on summary judgment. Id. NEGasCo intends to move for summary judgment dismissing the public nuisance claim. Plaintiffs have no other claim seeking abatement (or remediation).

"intervention" by the Court would ignore the agency's particular expertise and raise the specter of inconsistent determinations.

Simply put, a determination as to whether remediation is required is the threshold issue that is exclusively within RIDEM's jurisdiction. RIDEM is presently exercising that authority with respect to the Bay Street Area. A nuisance abatement claim in this context necessarily requires the Court to make findings and determinations that are specifically consigned under State law to RIDEM. As such, abstention under Burford v. Sun Oil Co., 319 U.S. 315, 318 (1943), is warranted here. To do otherwise would interfere with RIDEM's on-going proceedings and would disrupt "state efforts to establish a coherent policy." See New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 362 (1989); see also Rojas v. Fitch, 928 F. Supp. 155, 160 (D.R.I. 1996) (noting Burford abstention justified where federal court decision would disrupt state proceedings).

NEW ENGLAND GAS COMPANY, INC.

*/s/ Robin L. Main*
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
rmain@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: December 21, 2007

**CERTIFICATE OF SERVICE**

To:

Notification via CMECF:

Gregory L. Benik - gbenik@jreri.com

David A. Cetola - dcetola@mcrobertslaw.com

Brian R. Cunha – brian@briancunha.com

Christina C. Dodds - CDodds@bishoplondon.com

Susan B. Forcier - susan.wilson@dem.ri.gov

Eric D. Herschmann - eherschmann@kasowitz.com

Robin-Lee Main - rmain@haslaw.com, sjfoster@haslaw.com

John J. McConnell, Jr. - jmcconnell@motleyrice.com

Robert J. McConnell - bmcconnell@motleyrice.com

Michael D Mitchell - mmitchell@admin.ri.gov

Charles K. Mone – cmone@campbell-trial-lawyers.com

Jonathan D Orent - jorent@motleyrice.com

Gerald J. Petros - gpetros@haslaw.com, clomas@haslaw.com

Russell X Pollack – rpollack@campbell-trial-lawyers.com

Paul Revere, III – revereiii@aol.com

Mark W. Roberts - mroberts@mcrobertslaw.com

David E. Ross - dross@kasowitz.com

Paul M. Sanford - psanford@burnslev.com, scook@burnslev.com

Anthony J. Sbarra, Jr. - asbarra@campbell-trial-lawyers.com

Gregory S. Schultz - gregory.schultz@dem.ri.gov

Kristen W. Sherman - ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Aileen L. Sprague - asprague@motleyrice.com

Heather Spurlock Kennealy - hskennealy@mcrobertslaw.com

John A. Tarantino - jtarantino@apslaw.com, dhumm@apslaw.com

Bruce Gregory Tucker - btucker@legalmgt.com

Brian A. Wagner - brian.wagner@dem.ri.gov

Lewis S. Wiener - lewis.wiener@sablaw.com

David A. Wollin - dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Notification via first class mail:

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
R.I. Department of Administration
Division of Legal Services
One Capitol Hill
Providence, RI 02903

Susan B. Wilson
RI Department of Environmental Management
235 Promenade Street, 4th Floor
Providence, RI 02908

Neil T. Leifer
Thornton & Naumes LLP
100 Summer Street
Boston, MA 02110

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Robert J. McConnell
Motley Rice LLC
321 South Main Street, 2nd Floor
Providence, RI 02903

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746

Eric D. Herschmann
David Ross
Seth Davis
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

I hereby certify that on December 21, 2007, a copy of the foregoing was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Robin L. Main*
Robin L. Main