UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al. | : | |
| v. | : | C.A. No. 05-221T (Related Cases: 05-274T; 05-370T; and 05-522T) |
| NEW ENGLAND GAS COMPANY | : | |
| v. | : | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC. and DOMINION ENERGY BRAYTON POINT LLC | : | |

**MEMORANDUM AND ORDER**

Before me is Plaintiffs' Motion to Compel and Request for Expedited Hearing filed on December 14, 2007 (Document No. 401). The Motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and LR Cv 72(a). In order to expedite consideration of this Motion, a telephone conference was held on December 20, 2007. Defendant filed its opposition to the Motion on December 20, 2007 (Document Nos. 436 and 437) and Plaintiffs replied on December 24, 2007 (Document No. 442). After reviewing the parties' submissions, I have determined that this dispute can be decided on the papers without the need for a further hearing.

**Discussion**

Pursuant to Fed. R. Civ. P. 34, Plaintiffs seek to enter Defendant's property located at Charles and Bay Streets in Fall River to take and analyze soil samples. Defendant agreed in principle and the parties have been negotiating a comprehensive "Access Agreement." See

Document No. 404. The process has stalled due to a dispute regarding Defendant's entitlement to a copy from Plaintiffs of the "laboratory test results" for the soil samples collected on its property.

Plaintiffs contend that the testing results will be "work product not discoverable unless [Defendant] demonstrates exceptional circumstances as defined in Fed. R. Civ. P. 26(b)(4)(B)(ii)." (Document No. 401 at 2). Plaintiffs further argue that Defendant cannot show "exceptional circumstances" because it can obtain "substantially equivalent" results by conducting its own testing on split "homogenized soil samples." Defendant counters that the work-product doctrine is not implicated because the testing results will be "purely factual in nature" and it is not seeking "any expert work-product opinion or legal analysis of the data." (Document No. 436 at 3).

Plaintiffs' Motion to Compel seeks limited relief. The Motion seeks (1) "immediate access" to Defendant's property "to investigate and obtain samples in accordance with the terms of the [ ] access agreement"; and (2) an order that Plaintiffs "preserve a sufficient sample of each sample collected to permit [Defendant] to do its own analysis." (Document No. 401 at 3). It does not seek an immediate determination of whether Defendant has "a right to the results of Plaintiffs' analytical testing of their samples." Id.

It is undisputed that the soil samples are relevant under Fed. R. Civ. P. 26(b)(1) and that Plaintiffs are entitled to entry upon Defendant's property for sampling purposes under Fed. R. Civ. P. 34(a). Since the test results in dispute do not yet exist, the issue of Defendant's entitlement to such future testing results is not yet ripe for determination.[1] Further, Defendant has not cited any

[1] The concept of judicial restraint generally causes Courts to decline to rule on "unripe" disputes as they may never actually ripen into a live controversy. For instance, in this context, Plaintiffs may reconsider their position after completing the testing and agree to produce results which would moot the dispute. Alternatively, Defendant may conclude that its interests are served by its ability to test the "homogenized split samples" to be preserved by Plaintiffs and not demand production of Plaintiffs' testing data.

controlling authority for the proposition that it can condition access under Fed. R. Civ. P. 34(a) on the future production of test results. In support of its position, Defendant cites my predecessor's decision in Horan v. Sun Co., Inc., 152 F.R.D. 437, 439 (D.R.I. 1993), for the proposition that environmental test results contain "relevant, non-privileged facts." Defendant's legal memorandum, however, neglects to advise me that Judge Lovegreen treated the test results in dispute as "ordinary" work product, see In re Grand Jury Subpoena, 220 F.R.D. 130, 144-145 (D. Mass. 2004), and required the defendant to demonstrate "adequate reasons" as to why the test results should be produced. Horan, 152 F.R.D. at 439 (quoting In re Sealed Case, 676 F.2d 793, 809-810 (D.C. Cir. 1982)). Judge Lovegreen ultimately ordered production of the test results but only based on the defendant's showing that the data was "crucial to the outcome" of the case, and was unavailable to the defendant from other sources as site conditions had been changed since the initial testing. Judge Lovegreen did not conclude that the test results were simply fact discovery as suggested by Defendant. The bottom-line is that the Horan decision does not support Defendant's argument that Plaintiffs' future testing results are not work product.

**Conclusion**

For the foregoing reasons, I conclude that Plaintiffs' Motion to Compel (Document No. 401)[2] be GRANTED and that Plaintiffs' agents be given immediate access to Defendant's property located at 120 Charles Street, Fall River, Massachusetts to conduct sampling activities in strict accordance with all terms of the "Access Agreement" (Document No. 404) except for paragraph 14. Plaintiffs are also ORDERED to preserve and provide to Defendant sufficient split homogenized soil and

[2] This Memorandum and Order also resolves the identical Motions pending in the consolidated cases: (Document No. 270 in C.A. No. 05-274T; Document No. 253 in C.A. No. 05-370T; and Document No. 231 in C.A. No. 05-522T).

other samples to permit Defendant to do its own testing. If Defendant serves a discovery request on Plaintiffs for production of the results of Plaintiffs' testing of their samples and Plaintiffs object to such production on work product or other grounds, the issue will be ripe and Defendant may then move to compel under Fed. R. Civ. P. 37 and, if warranted, seek expedited treatment of such motion.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 28, 2007