AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Gail Corvell, et al.,

V.

New England Gas Company, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-221T, 05-274T, 05-370T, 05-52

TO: Custodian of Records- ENSR International Corporation
CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A Attached

| PLACE | DATE AND TIME |
|---|---|
| McRoberts, Roberts & Rainer, LLP, 53 State Street, Boston, MA 02109 | 1/24/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF ~~OR DEFENDANT~~) | DATE |
|---|---|
| [signature] | 1/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Boston, MA 02109 (617-722-8222)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *01/17/08* | *KEEPER OF THE RECORDS*<br>*ENSR INTERNATIONAL CORP.*<br>*c/o CT CORP.*<br>*155 FEDERAL STREET, BOSTON, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *ALTHEA SANTOLUCITO, PROCESS SPECIALISTS* | *In-Hand* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kyle Carusi | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *01/17/08*
DATE

Kyle Carusi
SIGNATURE OF SERVER
Kyle Carusi
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## GENERAL INSTRUCTIONS

1. Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, ENSR International Corporation (hereinafter referred to as "ENSR") is required to produce all responsive documents that are subject to its possession, custody or control including, but not limited to, documents in the possession, custody or control of its agents, employees, attorneys or representatives.

2. Respond to each request for production of documents in full without abbreviation, expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. As used in these Requests, "and" and "or" shall be interpreted to mean "and/or" if to do so would cause more documents to be produced.

4. ENSR's refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

5. If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you may specify such privilege or other protective order rule in lieu of setting forth the substance thereof. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the

nature and subject matter of its contents; (b) the date the document was prepared or any date appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

6. Unless otherwise noted, these Requests cover requests information for the period of time Defendant, as defined herein, was operating in Fall River, Massachusetts to the present. To the extent that any answer varies with respect to any part of that period, a separate answer is requested for each such part, with pertinent dates included.

7. In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the persons(s) requesting and performing the destruction or other disposition.

8. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

9. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

## DEFINITIONS

1. "Defendant," shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company and Southern Union Company, in their capacity as successor to Fall River Gas Company, and any and all Stone & Webster entities acting as agents of Fall River Gas Company and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

2. The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, and Charles Street (collectively referred to herein as the "Charles Street Facility") and Anawan Street.

3. The term "Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the Sakonnet River; bordered on the north by State Avenue; on the south by Lepes Road and bordered on the east by Church Street.

4. The term "OHS" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of CERCLA, 42 U.S.C. § 9601, and regulations promulgated there under, 40 C.F.R. Part 261; and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-4.

5. The term "Waste Materials" shall mean any solid substance produced as a result of the Coal Gasification Process that was not sold or, if sold, was sold for fill material.

6. "You", "Your", and "ENSR" as used herein shall mean ENSR International Corporation, its subsidiary, parent corporation, predecessors, successors, and/or assigns, employees, agents, subcontractors, independent contractors other person acting for or on behalf of ENSR, its predecessors, successors, or assigns.

**DOCUMENTS TO BE PRODUCED**

1. Any and all documents that relate to any and/or all environmental investigations that ENSR has conducted and/or supervised in the Tiverton Moratorium Area, including but not limited to environmental reports, OHS assessment/release forms, OHS data from soil and/or ground water samples, field notes, maps/diagrams, soil boring logs, groundwater elevation monitoring data, photographs, documentations of historic uses, development and/or releases of OHS in the Tiverton Moratorium Area, or any other Response Action conducted by ENSR in and/or in relation to the Tiverton Moratorium Area.
2. Any and all documents that relate to any and/or all environmental investigations that ENSR has conducted and/or supervised in the Tiverton Moratorium Area that have documented the presence of coal gasification waste including but not limited to environmental reports, OHS sampling data, field notes, maps, soil borings, groundwater monitoring reports, photographs, or any other Response Action done by you in relation to the Tiverton Moratorium Area.
3. Any and all documents relating to communications between ENSR and the Defendant regarding the investigation of the Tiverton Moratorium Area and/or any part thereof.

4. Any and all documents relating to communications between ENSR and the Defendant regarding soil and/or groundwater sampling within the Tiverton Moratorium Area for OHS.
5. Any and all documents relating to communications between ENSR and the Defendant regarding any and/or all decisions concerning which properties within the Tiverton Moratorium Area would be investigated.
6. Any and all documents relating to communications between ENSR and the Defendant regarding any and/or all decisions concerning the nature and extent of the investigation of any and/or all properties within the Tiverton Moratorium Area.
7. Any and all drafts of any and/or all documents submitted by ENSR to Rhode Island Department of environmental Management ("RIDEM") including but not limited to any drafts which exist as attachments to emails in ENSR's possession, custody or control.
8. Any and all documents relating to communications between ENSR and the Defendant regarding the remediation of the Tiverton Moratorium Area and/or any part thereof.
9. Any and all documents which relate to and/or memorialize any and/or all communications by and between ENSR and GZA Geo Environmental, Inc., Vanasse Hangen Brustlin, Inc. ("VHB"), and/or Woodard & Curran or any combination of said environmental firms concerning the remediation of the Tiverton Moratorium Area and/or any part thereof.
10. Any and all documents including but not limited to agreements, contracts, billing, work orders, change orders and/or scopes of work, costs to close, relating to ENSR's services performed within the Tiverton Moratorium Area.

11. Any and all documents relating to communications between ENSR and the RIDEM regarding the investigations and/or response actions that is has been performed or overseen within the Tiverton Moratorium Area.
12. Any and all documents relating to communications between ENSR and RIDEM regarding the proposed remediation of the OHS discovered within the Tiverton Moratorium Area or any part thereof.
13. Any and all documents relating to the disposal of OHS within the Tiverton Moratorium Area.
14. Any and all documents relating to the origin of OHS contamination within the Tiverton Moratorium Area and any investigation conducted in connection therewith.
15. Any and all documents relating to or memorializing any communications with any of the residents within the Tiverton Moratorium Area.

Attorneys for the Plaintiffs Gail, John D. and John F. Corvello, et al,
By their Attorneys

/s/ Mark W. Roberts
Mark W. Roberts (MA # 554038)
**MCROBERTS, ROBERTS & RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Dated: January 16, 2008

**Certificate of Service**

I hereby certify that on this 16th day of January 2008, a copy of the foregoing was served electronically (ECF) to the following:

**Plaintiffs' Counsel**

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
Email: ReverelII@aol.com

Brian R. Cunha, Esq.
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
Email: brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
Email: rzabbo@rbhelaw.com

**Southern Union**

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401-274-7200
dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
617-482-0600
617-482-0604
jtarantino@apslaw.com

Kristen W. Sherman, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
274-7200
Fax: 351-4607
Email: ksherman@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800
dross@kasowitz.com

Seth Davis, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1790
Fax: 212-506-1800

Eric D. Herschmann, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800
Email: eherschmann@kasowitz.com

Noelle Kowalczyk, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800

Gerald J. Petros, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
274-2000
Fax: 277-9600
Email: gpetros@haslaw.com

Robin-Lee Main, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-0819
401-274-2000
Email: rmain@haslaw.com

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, PC
3701 Bee Cave Road
Austin, TX 78746
512-479-5900
Fax: 512-479-5934
Email: CDodds@bishoplondon.com

**INTERESTED PARTIES**

**RIDEM**

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Ave, NW
Washington, DC 20004-2415
Tel: 202-383-0140
Fax: 202-637-3593
Cell: 202-299-7992
Email: lewis.wiener@sablaw.com
LEAD ATTORNEY

Patty Allison Fairweather, Esq.
Executive Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
patty.fairweather@dem.ri.gov

Susan B. Forcier, Esq.
RI Department of Environmental Management
Office of Legal Services
235 Promenade Street
Fourth Floor
Providence, RI 02908
222-6607
Fax: 222-3378
Email: susan.wilson@dem.ri.gov

Gregory S. Schultz, Esq.
Legal Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
gregory.schultz@dem.ri.gov

**RI Governor Donald L. Carcieri**

Michael D. Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
401-222-8339
Fax: 401-222-8244
Email: mmitchell@admin.ri.gov

Matthew B. Smith, Esq.
Matthew B. Smith, Esq., Attorney At Law
1206 Westminster St.
Providence, RI 02909
272-7277
Fax: 454-5557
Email: matthew@verdecchialaw.com

**Jose Souza, Sr.**

Michael K. Marran, Esq.
PO Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067
401-454-4000
Fax: 401-457-7708

**THIRD PARTY DEFENDANTS**

**Gulf Oil Corporation**

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
401-843-8400
Fax: 401-843-8401
Email: btucker@legalmgt.com

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
401-843-8400
Fax: 401-843-8401

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 2212-858-1640
Fax: 212-858-1500

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 215-858-1450
Fax: 917-456-3472

Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
909 Fannin Street
Houston, TX 77010
713-276-7633
Fax: 281-582-7545

**Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:**

Benjamin V. White, III Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060
Fax: 401-272-6803
bwhite@vetterandwhite.com

Kimberly A. Simpson, Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060
Fax: 401-272-6803
ksimpson@vetterandwhite.com

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

**Inland Fuel Terminals, Inc:**

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
401-831-8330
Fax: 401-831-8359
Email: psanford@burnslev.com

Christopher P. McCormack, Esq.
PULLMAN & COMLEY, LLC
850 Main Street P.O. Box 7006
Bridgeport, CT 06601-7006
Phone: 203-330-2016
Fax: 203-576-8888
Email: cmccormack@pullcom.com

**Honeywell International, Inc**

Gregory L. Benik, Esq.
Benik & Associates P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
401-454-0054
401-732-5054 facsimile
gbenik@jreri.com

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
202-942-6254
Fax: 202-942-5999
Email: jefrey_bromme@aporter.com

**Dominion Resources, Inc**
**Dominion Energy Brayton Point LLC :**

Andrew G. Mauck, Esq.
Troutman Sanders LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208

Christian Bennett White Stephens, Esq.
Taylor Duane Barton & Gilman LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401-273-7171
Email: cstephens@taylorduane.com

Matthew B. Kirsner, Esq.
Troutman Sanders, LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208
804-697-1449
Fax: 804-698-6001

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
Tel: 401-272-5300
Fax: 401-331-7454
cwaksler@mcgivneyandkluger.com

**CITY OF FALL RIVER:**

Kerry T. Ryan, Esq.
Tarlow Breed Hart & Rodgers, P.C.
101 Huntington Avenue
Prudential Center
Boston, MA 02199
Main # 617-218-2000\
Direct Line: 617-218-2027
Kryan@tbhr-law.com

Anthony F. Muri, Esq.
Muri Associates LLC
10 Weybosset Street
Providence, RI 02903
401-421-7300
Fax: 401-421-7352
Email: amuri@murilaw.com

Emily C. Shanahan, Esq.
Tarlow, Breed, Hart & Rodgers, PC
101 Huntington Avenue
Prudential Center
Suite 500
Boston, MA 02199
617-218-2000
Fax: 617-261-7673

**TOWN OF TIVERTON:**

Jeanne M. Scott, Esq.
URSILLO, TEITZ & RITCH, Ltd.
2 Williams Street
Providence, RI 02903
401-331-2222 Ext. 205
Email: Jeannescott@utrlaw.com

/s/ Mark W. Roberts
Mark W. Roberts
(MA # 554038)