**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, ET AL., Plaintiffs, | |
| v. | |
| NEW ENGLAND GAS COMPANY, Defendant and Third Party Plaintiff, | Case No. 05-221T (Related cases: 05-274T; 05-522T; 05-370T) |
| v. | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, ET AL., Third Party Defendants. | |

**JOINT MEMORANDUM OF**
**THIRD PARTY DEFENDANTS IN RESPONSE TO**
**ORDER TO SHOW CAUSE REGARDING SEPARATE TRIALS**

Third Party Defendants Bridgestone Firestone North American Tire, LLC, Bridgestone Americas Holdings, Inc., City of Fall River, Honeywell International Inc., Gulf Oil Corporation now known as Chevron U.S.A. Inc., Inland Fuel Terminals, Inc., Dominion Resources, Inc. and Dominion Energy Brayton Point, LLC[1] (collectively the "Third Party Defendants"), by counsel, state the following as their Joint Memorandum in response to the order to show cause in the Court's January 9, 2008 Memorandum and Order ("Order").[2]

[1] By joining in this Joint Memorandum, Third Party Defendants Dominion Resources, Inc. and Dominion Energy Brayton Point, LLC are not waiving any arguments set forth in their Answer and Counterclaim, including but not limited to the enforcement and preclusive effect of the Sale Order governing the acquisition of the Brayton Point power plant, Case No. 03-30465 (PM), U.S. Bankruptcy Court, D. Md. (Nov. 23, 2004) (Docket No. 1299).
[2] This group represents each of the Third Party Defendants except for the Town of Tiverton ("the Town"). Although the Town agrees with the general positions taken herein by the other Third Party Defendants, it is filing a separate response for unrelated reasons.

## Argument

Having granted Plaintiffs' Motion to Sever and ordered separate trials, the Court asked the parties to consider whether: (1) it should further separate the liability and damages issues in Plaintiffs' case; and (2) if so, and if Defendant New England Gas Company ("NEG") is held liable, Plaintiffs' damages claims against NEG should be tried together with NEG's third party claims. *See* Order at 12; *see also* Order Regarding Plaintiffs' Motion for Trial Plan at 2 (Jan. 24, 2008).

The Third Party Defendants strongly believe that the separation between Plaintiffs' case and the third party claims should be absolute and complete for all of the reasons set forth in the Court's January 9th Order. Anything less than a full and complete separation of NEG's third party claims will significantly complicate the primary case between Plaintiffs and NEG, confuse and overwhelm the jury in the primary case, and needlessly embroil the Third Party Defendants – at a significant and unnecessary expense – in a multitude of complicated issues.[3] Therefore, if, and only if, (1) NEG is held liable to Plaintiffs and (2) damages are assessed against NEG, should (3) a separate trial on the third party claims be conducted.

Plaintiffs' Motion for Trial Plan further underscores the need for completely separate trials. Although the Court recently denied that motion on January 24th, the extensive oral argument and written memoranda on the motion made it abundantly clear that Plaintiffs and NEG both view the numerous issues being tried between them as complex and potentially confusing. Even if Plaintiffs' liability and damages claims are separated, the jury will face significant challenges digesting testimony from and evidence regarding over 100 Plaintiffs and

---

[3] Pursuant to the parties' discussion at the January 3, 2008 conference with the Court, Third Party Defendants expressly reserve their rights to conduct fact and expert discovery subsequent to the conclusion of the case between Plaintiffs and NEG (if necessary) including the re-convening of any depositions conducted during the earlier phase(s) of the trial.

the unique facts applicable to each of their properties, let alone certain Plaintiffs' claims for emotional distress and possibly personal injury. There is no doubt that overlaying NEG's third party claims on top of Plaintiffs' damages case will further overwhelm the jury.

The Court has already held that holding a separate trial on the third party claims will not prejudice NEG whatsoever. Order at 7-8 (discussing the "lack of urgency in litigating the third-party claims"). Not only did NEG wait almost five years after the discovery of the contamination to file its third party claims, "NEG will not suffer any loss unless and until it is found liable to the Plaintiffs and has paid a judgment for damages which, most likely, would not occur until after its appeals have been exhausted." Order at 8.

In contrast, overlaying the third party claims on Plaintiffs' damages case will unfairly add additional issues, expense and possibly delay to Plaintiffs' case. As the Court recognized in its Order, Plaintiffs have made no claims against the Third Party Defendants and litigating NEG's third party claims in Plaintiffs' case would bring complicated issues and evidence into Plaintiffs' case that otherwise would not exist. Order at 6. There is simply no need for NEG's prosecution of the third party claims to burden Plaintiffs in any manner. *See* Order at 7-8 (discussing the significant prejudice to plaintiffs if the trial is further postponed).

There would also be significant prejudice to the Third Party Defendants in having to defend against NEG's contribution and indemnity claims *before* (or contemporaneously with) the determination of NEG's liabilities and damages to Plaintiffs. Obviously, the nature and amount of the Third Party Defendants' exposure to NEG will influence the nature and scope of their defensive strategies. For example, the Third Party Defendants would likely defend themselves quite differently if twenty-five Plaintiffs prevail and their combined damages are $300,000

versus the hypothetical whereby seventy-five Plaintiffs prevail and their combined damages are $20,000,000.

In addition, many factual and legal issues remain to be determined, *e.g.*, the effect of the declared Moratorium Area, Plaintiffs' claim that NEG must undertake sampling of certain Plaintiffs' properties, and the outcome of the Rhode Island Department of Environmental Management proceedings. All of these issues (and more) will play out during the first one or two phases of trial, the outcome will affect NEG's liability, and, therefore, any ultimate claim by NEG against the Third Party Defendants. It would be premature to try NEG's third party claims until all issues regarding Plaintiffs' case against NEG are resolved.

For all of these reasons, the Court should reinforce its decision to grant a separate trial, if necessary, regarding NEG's third party claims. A complete and full separation is warranted. If and when NEG is held liable and the nature, scope and amount of Plaintiffs' damages are determined, NEG's third party claims for contribution and indemnification can be addressed.

## Conclusion

The Third Party Defendants respectfully request that the Court reinforce its January 9, 2008 Memorandum and Order, which granted Plaintiffs' motion for a separate trial on NEG's third party claims, by entering the further order that any such trial shall only occur, if at all, after Plaintiffs' claims against NEG have been fully and finally resolved for both liability and damages.

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

*Counsel for Third-party Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.*

/s/ William D. Wick
William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue – Suite 950
Oakland, California 94612
(510) 465-5750
(510) 465-5697 FAX
bwick@ww-envlaw.com

*Counsel for Third-Party Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.*

CITY OF FALL RIVER
By its attorneys,

*/s/ Kerry T. Ryan*

Kerry T. Ryan (BBO # 632615)
Emily C. Shanahan (BBO # 643456)
TARLOW, BREED, HART
& RODGERS, P.C.
101 Huntington Avenue
Boston, MA 02199
617-218-2000 (voice)
617-261-7673 (facsimile)
kryan@tbhr-law.com
eshanahan@tbhr-law.com
*Admitted pro hac vice*

-and-

Anthony F. Muri (No. 0539)
MURI ASSOCIATES LLC
10 Weybosset Street
Providence, RI 02903
401-421-7300 (voice)
401-421-7352 (facsimile)
amuri@murilaw.com

Jeffrey S. Bromme, Esq.
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (FAX)
Jeffrey.Bromme@aporter.com

*Counsel for Third Party Defendants and Counterclaim Plaintiffs*
HONEYWELL INTERNATIONAL INC.

By: <u>/s/ Bruce B. Tucker</u>
Bruce B. Tucker (0563)
55 Hammarlund Way
Middletown, RI 02842
401-843-8400

David A. Crichlow *(pro hac vice)*
David Goldberg *(pro hac vice)*
1540 Broadway
New York, NY 10036-4039
(212) 858-1000
PILLSBURY WINTHROP SHAW
PITTMAN LLP

**Attorneys for**
Gulf Oil Corporation, now
known as Chevron U.S.A. Inc.

The THIRD PARTY DEFENDANT,
INLAND FUEL TERMINALS, INC.

By: ______________________________

Christopher P. McCormack
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone 203 330 2000
Facsimile 203 576 8888
Its Attorneys

-and-

Paul Sanford
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
*Attorneys for Inland Fuel Terminals, Inc.*

Bridgeport/70242.3/CMCCORMACK/669071v1

DOMINION RESOURCES, INC. AND
DOMINION ENERGY BRAYTON POINT, LLC,
By Their Attorneys,

Craig R. Waksler, Esq.
R.I. Bar # 4945
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
(401) 272-5300
(401) 331-7454 (FAX)
cwaksler@mcgivneyandkluger.com

Andrew G. Mauck, Esq., admitted *pro hac vice*
Matthew B. Kirsner, Esq., admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200
(804) 698-6001 (FAX)

**CERTIFICATE OF SERVICE**

The foregoing document was filed electronically and is available for viewing and download from the Court's ECF system. The undersigned certifies that a true and accurate copy of the foregoing document was sent electronically (ECF) or via U.S. Mail on January 29, 2008, to the following:

[SEE ATTACHED COUNSEL LIST]

/s/ Craig R. Waksler
Craig R. Waksler

Served electronically via CM-ECF:

Aileen L. Sprague
asprague@motleyrice.com

Christian F. Uehlein
cuehlein@tenlaw.com

John J. McConnell, Jr.
jmcconnell@motleyrice.com

Jonathan D. Orent
jorent@motleyrice.com

Mark W. Roberts
mroberts@mcrobertslaw.com

Niel T. Leifer
nleifer@tenlaw.com

Robert J. McConnell
bcconnell@mtoleyrice.com

David A. Cetola
dcetola@mcrobertslaw.com

Heather Spurlock Kennealy
hskennealy@mcrobertslaw.com

Christina C. Dodds
cdodds@bishoplondon.com

David E. Ross
dross@kasowitz.com

David A. Wollin
dwollin@apslaw.com

Eric D. Herschmann
eherschmann@kasowitz.com

Gerald J. Petros
gpetros@haslaw.com

John A. Tarantino
jtarantino@apslaw.com

Kristen W. Sherman
ksherman@apslaw.com

Robin-Lee Main
rmain@haslaw.com

Anthony F. Muri
amuri@murilaw.com

Emily C. Shanahan
eshanahan@tbhr-law.com

Kerry T. Ryan
kryan@tbhr-law.com

Brian A. Wagner
Brian.wagner@dem.ri.gov

Gregory S. Schultz
Gregory.shultz@dem.ri.gov

Lewis S. Wiener
Lewis.wiener@sablaw.com

Susan B. Forcier
Susan.wilson@dem.ri.gov

Matthew B. Smith
matthew@verdecchialaw.com

Michael D. Mitchell
mmitchell@admin.ri.gov

Benjamin V. White, III
bwhite@vetterandwhite.com

Kimberly A. Simpson
ksimpson@vetterandwhite.com

William D. Wick
bwick@ww-envlaw.com

Bruce Gregory Tucker
btucker@legalmgt.com

David A. Crichlow
David.crichlow@pillsburylaw.com

David M. Goldberg
David.goldberg@pillsburylaw.com

David B. Willis
dwillis@legalmgt.com

Gregory L. Benik
gbenik@jreri.com

Jeffrey Bromme
Jeffrey_bromme@aporter.com

Paul M. Sanford
psanford@burnslev.com

Christopher P. McCormack
cmccormack@pullcom.com

Jeanne M. Scott
jeannescott@utrlaw.com

Served via U.S. Mail:

Seth Davis
Cara Ciuffani
Noelle Kowalczyk
Samuel K. Moore
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Michael K. Marran
P.O. Box 6067
321 South Main St.
Suite 200
Providence, RI 02940-6067

Andrew G. Mauck
Matthew B. Kirsner
Troutman Sanders LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208

Catherine C. McCulley
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin St.
Houston, TX 77010