**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant and Third-Party Plaintiff,* )<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; et al.<br><br>*Third-Party Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-221T<br>(Consolidated case nos:<br>05-274T, 05- 370T, 05-522T) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO COMPEL PLAINTIFFS TO PRODUCE SCIENTIFIC DATA, TEST RESULTS AND RELATED DOCUMENTS AND REQUEST FOR EXPEDITED HEARING**

I. PROCEDURAL HISTORY

1. On December 28, 2007, the Court granted the Plaintiffs' Motion to Compel giving the Plaintiffs' environmental expert, Weston & Sampson ("W&S"), immediate access to New England Gas Company's ("NEGCo") property located at 120 Charles Street, Fall River, Massachusetts ("Charles Street Property"). See Document No. 445.

2. On December 19 and 20, 2007, Plaintiffs' experts conducted sampling in the Bay Street neighborhood of Tiverton ("Bay Street Area").

3. On January 8 and 9, 2007, after extensive negotiation and motion practice the Plaintiffs finally got access to test on the Charles Street Property.

4. Plaintiffs requested all environmental reports related to NEGCo's investigation of the Bay Street Area on September 7, 2007. NEGCo objected to every instruction, definition and request. On September 4, 2007, Plaintiffs served a second set of discovery seeking all documents related to NEGCo's investigation. NEGCo listed publicly available reports from 2 of 3 consultants that represented that they were working for NEGCo. NEGCo produced no documents and did not offer to make any documents available. After further negotiation NEGCo agreed that it would produce responsive documents from its consultant Vanasse Hangen Brustlin ("VHB"), would consider producing documents from its consultant ENVIRON International Corporation ("Environ") and would not produce documents from Woodard & Curran, a consultant that was paid by NEGCo and represented itself as working for NEGCo. On December 13, 2007, Plaintiffs received 4 inches of documents from VHB and were told that the reports were publically available as NEGCo's full response to Plaintiffs' requests for environmental documents. Plaintiffs then subpoenaed all of NEGCo's consultants requiring production the first week of January. VHB had 31 boxes of documents plus electronic files, Environ is still preparing between 10 and 15 boxes of documents and Woodard & Curran produced an oversized bankers box of documents including a subpoena from Adler Pollack & Sheehan, P.C. in this action dated April 2007 which was never filed with the Court. See attached. W&S, finally given access to the VHB documents on January 24, 2008, has reviewed and marked documents in 30 boxes. One box is still being reviewed for privilege and no electronic files have been produced.

5. On January 8 and 9, 2007, W&S conducted sampling on NEGCo's Charles Street Property. NEGCo's experts were present and observed all borings being installed and samples being collected. Once samples were collected they were homogenized by mixing them in a container and the split samples were produced by taking one scoop of the soil and putting it in Plaintiffs' sample and then taking a second scoop and placing it in NEGCo's sample until either the soil was fully distributed or the parties had enough soil for analysis. Therefore, NEGCo had identical soil to the Plaintiffs to test as they pleased.

6. On January 24, 2008, NEG filed an emergency motion to compel the Plaintiffs to produce scientific data, test results and related documents gathered by W&S. See Document No. 542.

7. Then, on January 25, 2008, NEG filed a Notice of Deposition of the Keeper of the Records for W&S, noticing a deposition for February 5, 2008. See Document No. 548.

II. ARGUMENT

**A. The Test Results And Associated Documents Related To The Plaintiffs' Properties And The Charles Street Property Are Facts But Are Not Inherently Discoverable**

The documents requested by NEGCo are indeed factual data as claimed by the defendant, however factual data is not inherently discoverable. NEGCo claims that *Upjohn Company v U.S.* expresses that factual data is not protected from discovery. 449 U.S. 383, 400, 101 S.Ct. 677, 688 (1981). However, the discussion in *Upjohn* clearly states that the "[attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of underlying facts." *Id.* at 395-396. The Supreme Court, in their decision in *Upjohn* was simply noting that factual

data is not protected under the attorney-client privilege. *Id*. NEGCo's claim that the "Supreme Court recognized [that] factual data is not protected from discovery" extended the opinion of the Supreme Court well beyond their intentions. The Supreme Court discussed the protection of factual data limited to attorney-client privilege and NEGCo is discussing the protection of factual data overall. The Court's opinion in *Upjohn* does not indicate that factual data is always discoverable; it simply says it is not privileged attorney-client information.

NEGCo further contends that factual work-product is not protected under the work-product doctrine. The Supreme Court clearly stated in *Upjohn* that the work-product doctrine allows "disclosure of documents and tangible things constituting attorney work-product upon a showing of substantial need and inability to obtain the equivalent without undue hardship." 449 U.S. at 400. As established below, the documents sought fall within the scope of the work-product doctrine and the courts have clearly held that documents created in anticipation of litigation are protected unless there is a showing by the requesting party that there is a substantial need for the documents and that they cannot be obtained elsewhere. *Id.*; *Rhodes v. AIG Domestic Claims, Inc.*, 20 Mass.L.Rptr. 491, 2006 WL 307911, *2 (Mass.Super.) (noting in a motion to compel documents from an insurance agency that work-product can only be produced on a showing of substantial need and inability to obtain the equivalent); *In re Grand Jury Subpoena (Legal Services Center)*, 615 F.Supp. 958, 963 (D.Mass. 1985) (explaining that the Supreme Court in *Upjohn* required a showing of substantial need and an inability to obtain the equivalent elsewhere for the disclosure of attorney work-product).

There are however, different degrees of protection afforded to attorney work-product. As is implicit in the Court's decision in *Upjohn*, and presumably what NEGCo relied on in its argument that factual data is always discoverable, is the idea that opinions and thought processes

are afforded greater protection under the work-product doctrine. *Upjohn,* 449 U.S. at 400*;* See *New Mexico Tech Research Foundation v. Ciba-Geigy Corp.,* 1997 WL 576389, *2-3 (D.R.I.), 37 Fed.R.Serv.3d 971 (holding in a motion to compel documents and testimony that a heightened degree of protection is afforded to opinion work-product); *Rhodes,* 2006 WL at *2 (noting the distinction between opinion and factual work-product and that the former has a greater degree of protection); *In re Air Crash Disaster at Sioux City,* 133 F.R.D. 515, 520 (N.D.Ill. 1990) (denying the Plaintiffs motion to compel certain documents because the Plaintiffs did not demonstrate that they had attempted to obtain the documents elsewhere, even though the documents sought were factual work-product not opinion work-product and were therefore afforded a lower degree of protection); *In re Grand Jury Subpoena (Legal Services Center),* 615 F.Supp. at 963 (holding that the Supreme Court in *Upjohn* noted a distinction between opinion and factual work-product, that a "stronger showing of necessity and unavailability" is required for disclosure of opinion).

The Rhode Island District Court called the degree of protection afforded to opinion work-product "heightened protection," which clearly implies that there is a degree of protection afforded to both types of documents; only factual work-product holds the lower degree of protection. *New Mexico Tech Research Foundation* at *3. Factual work-product is protected under the attorney work-product doctrine and can only be ordered produced on a showing of "substantial need" and an inability to obtain the equivalent without undue hardship. *In re Air Crash Disaster at Sioux City,* 133 F.R.D. at 520 (denying a motion to compel factual work-product because it was not shown that an attempt was made to obtain the documents by other means); *Rhodes,* 2006 WL at *2 (holding that there are requirements that must be met prior to disclosure of factual attorney work-product); *New Mexico Tech Research Foundation,* 1997 WL

at *2-3 (holding, in denying a motion to compel, that substantial need and an effort to acquire the documents elsewhere are required to obtain disclosure of said documents).

The Rhode Island District Court also upheld protection of factual work-product in *Horan v Sun Co., Inc.* where they held that the defendant "is required to demonstrate 'adequate reasons' why the information concerning the test results should be produced." 152 F.R.D. 437, 439 (1993) (quoting *In re Sealed Case*, 676 F.2d 793, 809-810 (D.C.Cir.1982)). In *Horan*, the court held that the documents sought were factual work product and that these documents were discoverable, but only because the defendant was able to show "adequate reasons". *Id.* In the instant case, as in *Horan*, the documents sought are factual work product. However, unlike *Horan*, NEGCo has not demonstrated a "substantial need and inability to obtain the equivalent without undue hardship." See *In re Air Crash Disaster at Sioux City*, 133 F.R.D. at 520 (finding that the Plaintiff had not properly shown an inability to obtain an equivalent and therefore denying the motion to compel documents); *Upjohn*, 449 U.S. at 400; *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 185-186 (2nd Cir. 2007). See also *Southern Scrap Metal Co. v. Fleming*, 2003 WL 21474516, at 6 (E.D. LA June 18, 2003) where the court held that data from soil sampling not generated in the ordinary course of business or pursuant to public state and/or federal litigation is work product and not subject to disclosure barring a showing of exceptional circumstances.

To merely claim that facts in and of themselves are always discoverable ignores a well established section of federal law affording protection to documents and tangible items that were prepared in anticipation of litigation. Although, under the attorney-client privilege factual data is discoverable and without other factors present, basic facts are discoverable, that is not the situation here. NEGCo is seeking documents that are protectable, factual attorney work-product,

and, although they afforded a lower degree of protection than attorney opinion work-product, they are still protected absent a showing of substantial need and an inability to acquire equivalents without undue hardship. Pursuant to Fed.R.Civ.P. 26(b)(4)(A)(ii), NEGCo must show "exceptional circumstances under which it is impracticable for [it] to obtain facts or opinions on the same subject by other means." NEGCo has conducted hundreds of samples in the Bay Street Area. NEGCo was afforded the right to take split samples of all samples collected by the Plaintiffs from the Charles Street Property. Therefore, they can determine the hazardous substances and petroleum products that are present both in the Bay Street Area and the Charles Street Property from their own testing and analysis.

**B. Plaintiffs' Environmental And Forensics Expert Reports Are Due On February 15, 2008 And All Data Relied On By Plaintiffs' Experts Will Be Produced With Plaintiffs' Expert Reports**

The Plaintiffs' environmental and forensic experts are urgently trying to (i) obtain all chemical analyses from their laboratories and have all of the analyses evaluated for quality assurance and quality control ("QA/QC"), and for forensics evaluations, (ii) assemble, review and analyze all of the materials generated during their recent investigations as well as the documents that have been, and will be produced by NEGCo's environmental experts, (iii) prepare boring logs, test pit diagrams, data tables, site and contamination diagrams of their recent investigations and (iv) compile a expert report by February 15, 2008, the deadline for the disclosure established by the court. More disconcerting is that the severe time constraints that W&S is now working under were caused by NEGCo's unjustifiable refusal to grant access to the Charles Street Property and wrongful refusal to produce the documents documenting NEGCo's investigation of the Bay Street Area. It was only after the Court's order on December 28, 2007 that W&S was granted access to conduct soil sampling and they were delayed until January 8, 2008 from actually gaining access, and slowed down in their investigation by NEGCo's

requirement that they install two 6” vactor borings to 5 feet below grade before being able to drill and collect samples, a requirement that is not standard in the industry and not imposed on NEGCo’s own experts during their ongoing investigations of the Charles Street Property.

To make Plaintiffs produce the requested documents prior to the February 15, 2008 report date, when many of the requested documents have either not been produced, or have not been subjected to normal QA/QC, would place an undue burden on Plaintiffs’ experts and interfere with their preparation of their expert reports. To the extent that data is not relied upon by Plaintiffs’ experts and not disclosed (given the current state of the investigation, Plaintiffs are not aware of any such data), it is still work product, but would have to be placed on a privilege log. After receiving the privilege log, NEGCo would have an opportunity to attempt to show exceptional circumstances that warrant disclosure of the data.

WHEREFORE, Plaintiffs respectfully request that the Court deny NEGCo’s Motion to Compel and defer any decision until after February 15, 2008 when Plaintiffs’ environmental and forensics expert reports and the data relied upon are due, together with a privilege log of any data that has not been relied upon. To the extent the Court decides to grant NEGCo’s Motion to Compel, the Plaintiffs hereby request that the Court make the order reciprocal and order NEGCo to likewise produce all data that it has produced concerning either the Bay Street Area or the Charles Street Property.

Dated: January 30, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

*/s/ Robert J. McConnell*
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)

**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

*/s/ Neil T. Leifer*
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

*/s/ Mark W. Roberts*
Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

## CERTIFICATION

Service upon the following parties was completed electronically via the ECF system on January 30, 2008 pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

*/s/ Mark W. Roberts*
Mark W. Roberts

**Plaintiffs' Counsel**

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
Email: RevereIII@aol.com

Brian R. Cunha, Esq.
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
Email: brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
Email: rzabbo@rbhelaw.com

**Southern Union**

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401-274-7200
dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
617-482-0600
617-482-0604
jtarantino@apslaw.com

Kristen W. Sherman, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
274-7200
Fax: 351-4607
Email: ksherman@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800
dross@kasowitz.com

Seth Davis, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1790
Fax: 212-506-1800

Eric D. Herschmann, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800
Email: eherschmann@kasowitz.com

Noelle Kowalczyk, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800

Gerald J. Petros, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
274-2000
Fax: 277-9600
Email: gpetros@haslaw.com

Robin-Lee Main, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-0819
401-274-2000
Email: rmain@haslaw.com

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, PC
3701 Bee Cave Road
Austin, TX 78746
512-479-5900
Fax: 512-479-5934
Email: CDodds@bishoplondon.com

**INTERESTED PARTIES**

**RIDEM**

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Ave, NW

Patty Allison Fairweather, Esq.
Executive Counsel
State of Rhode Island

Washington, DC 20004-2415
Tel: 202-383-0140
Fax: 202-637-3593
Cell: 202-299-7992
Email: lewis.wiener@sablaw.com
LEAD ATTORNEY

Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
patty.fairweather@dem.ri.gov

Susan B. Forcier, Esq.
RI Department of Environmental Management
Office of Legal Services
235 Promenade Street
Fourth Floor
Providence, RI 02908
222-6607
Fax: 222-3378
Email: susan.wilson@dem.ri.gov

Gregory S. Schultz, Esq.
Legal Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
Tel: 401-222-6607
Fax: 401-222-3378
gregory.schultz@dem.ri.gov

**RI Governor Donald L. Carcieri**

Michael D. Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
401-222-8339
Fax: 401-222-8244
Email: mmitchell@admin.ri.gov

Matthew B. Smith, Esq.
Matthew B. Smith, Esq., Attorney At Law
1206 Westminster St.
Providence, RI 02909
272-7277
Fax: 454-5557
Email: matthew@verdecchialaw.com

**Jose Souza, Sr.**

Michael K. Marran, Esq.
PO Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067
401-454-4000
Fax: 401-457-7708

**THIRD PARTY DEFENDANTS**

**Gulf Oil Corporation**

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
401-843-8400

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842

Fax: 401-843-8401
Email: btucker@legalmgt.com

401-843-8400
Fax: 401-843-8401

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 2212-858-1640
Fax: 212-858-1500

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036
Tel: 215-858-1450
Fax: 917-456-3472

Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
909 Fannin Street
Houston, TX 77010
713-276-7633
Fax: 281-582-7545

**Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:**

Benjamin V. White, III Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060
Fax: 401-272-6803
bwhite@vetterandwhite.com

Kimberly A. Simpson, Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060
Fax: 401-272-6803
ksimpson@vetterandwhite.com

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

**Inland Fuel Terminals, Inc:**

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
401-831-8330
Fax: 401-831-8359
Email: psanford@burnslev.com

Christopher P. McCormack, Esq.
PULLMAN & COMLEY, LLC
850 Main Street P.O. Box 7006
Bridgeport, CT 06601-7006
Phone: 203-330-2016
Fax: 203-576-8888
Email: cmccormack@pullcom.com

**Honeywell International, Inc**

Gregory L. Benik, Esq.

Jeffrey Bromme, Esq.

Benik & Associates P.C.
931 Jefferson Boulevard, Suite 2008
Warwick, RI 02886
401-454-0054
401-732-5054 facsimile
gbenik@jreri.com

Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
202-942-6254
Fax: 202-942-5999
Email: jefrey_bromme@aporter.com

**Dominion Resources, Inc**
**Dominion Energy Brayton Point LLC :**

Andrew G. Mauck, Esq.
Troutman Sanders LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208

Christian Bennett White Stephens, Esq.
Taylor Duane Barton & Gilman LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401-273-7171
Email: cstephens@taylorduane.com

Matthew B. Kirsner, Esq.
Troutman Sanders, LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208
804-697-1449
Fax: 804-698-6001

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
Tel: 401-272-5300
Fax: 401-331-7454
cwaksler@mcgivneyandkluger.com

**CITY OF FALL RIVER:**

Kerry T. Ryan, Esq.
Tarlow Breed Hart & Rodgers, P.C.
101 Huntington Avenue
Prudential Center
Boston, MA 02199
Main # 617-218-2000\
Direct Line: 617-218-2027
Kryan@tbhr-law.com

Anthony F. Muri, Esq.
Muri Associates LLC
10 Weybosset Street
Providence, RI 02903
401-421-7300
Fax: 401-421-7352
Email: amuri@murilaw.com

Emily C. Shanahan, Esq.
Tarlow, Breed, Hart & Rodgers, PC
101 Huntington Avenue
Prudential Center
Suite 500
Boston, MA 02199
617-218-2000
Fax: 617-261-7673

**TOWN OF TIVERTON:**

Jeanne M. Scott, Esq.
URSILLO, TEITZ & RITCH, Ltd.
2 Williams Street
Providence, RI 02903
401-331-2222 Ext. 205
Email: Jeannescott@utrlaw.com