**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br>v.<br><br><br><br>NEW ENGLAND GAS COMPANY, INC.;<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>C.A. No. 05-221T<br>(Related Case No. 05-274T) |

**PLAINTIFFS' MEMORANDUM REGARDING PUBLIC NUISANCE ISSUES**

Defendants in the *State of Rhode Island v. Lead Industries Association, Inc. et al* ("the Rhode Island Lead Case") are appealing the jury's finding that imposes liability on those defendants for creating a public nuisance. In the RI Lead Case the jury answered "yes" to the question "Does the cumulative presence of lead pigment in paint and coatings on buildings throughout the state of Rhode Island constitute a public nuisance." Plaintiffs respectfully submit that none of the issues presently on appeal before the Rhode Island Supreme Court will change or clarify the law applicable to issues presented in this case.

One of the primary issues on appeal in the Rhode Island Lead Case is the trial court's instruction to the jury that public nuisance law in Rhode Island does not require proof of underlying tortious acts by the defendant. This instruction, however, was entirely

consistent with the bedrock principle of Rhode Island law that a public nuisance claim focuses on the unreasonableness of the injury caused, rather than on the unreasonableness of the conduct creating the injury. Wood v. Picillo, 443 A.2d 1244, 1248 (RI 1982).

This principle was set forth in 1920 in Kirwin v. Mexican Petroleum, Co. (267 F. 460(D.R.I. 1920). In Kirwin, the Court considered a public nuisance case brought against a corporation "engaged in the business of transporting, receiving, selling, storing, handling, distributing, manufacturing, and refining crude oil and other grades of petroleum oil …" 267 F. at 460-61. The defendants demurred to the public nuisance claim arguing that it is not actionable absent proof of negligence. After a detailed analysis, the Court concluded, "It is the general rule that negligence is not an element in an action for nuisance, and need not be alleged. 'Actions for nuisance, properly speaking, stand irrespective of negligence' " Id. at 463 (citing Bigelow's Leading Cases on Torts p. 473)

This principle can be traced consistently through the Rhode Island law of public nuisance throughout the twentieth century. See Sroka v. Halliday, 39 R.I. 119, 97 A. 965 (R.I. 1916) ("The cases at bar are founded upon the negligence of the defendants through their agents, and not upon the theory of a nuisance per se, where it is held that no negligence need be proved."). Braun v. Ianotti, 54 R.I. 469, 175 A. 656, 657 (1934); Wood v. Picillo, 443 A.2d 1244, 1248 (R.I. 1982) ("Distinguished from negligence liability, liability in nuisance is predicated upon unreasonable injury rather than upon unreasonable conduct. Thus, Plaintiffs may recover in nuisance despite the otherwise nontortious nature of the conduct which creates the injury.) Id. See also Weida v. Ferry, 493 A.2d 824 (R.I. 1985) ("Over a half century ago it was emphasized that nuisance

liability is distinguished from negligence liability because a nuisance claim is predicated upon an unreasonable injury rather than unreasonable conduct. Consequently, the [plaintiff] may recover damages from [defendant] even though [defendant's] conduct was nontortious in nature.)

The defendants in the Rhode Island Lead Case are asking the Supreme Court to depart radically from long established principles of public nuisance liability in Rhode Island and to apply wholly new legal standards that are presently unrecognized in Rhode Island law. There is no reason to expect the Rhode Island Supreme Court to reverse such long standing precedent on this issue nor is there reason to delay this trial in anticipation of the outside chance that they may do so.

Plaintiffs in the Rhode Island Lead Case also raise other issues on appeal that are not applicable to the present case. One of these issues is that a public nuisance should be limited to a particular place and a particular period of time. This is not an issue in the present case in that the location of the alleged nuisance is the Moratorium area and the time of the creation of the nuisance was during the time period that Fall River Gas Company was producing and disposing of coal gasification waste. Another issue on appeal is the need to show control of the instrumentality at the time that the harm occurred. Again, the Rhode Island Supreme Court opinion will not impact this case as there is no question that the Plaintiffs have alleged that Defendant was in control of its gas plant operations at the time that the harm occurred. A third issue on appeal is whether a dangerous condition created by the Defendant invaded a public space. In the present case Plaintiffs allege that the contamination is located in public and private grounds in the Bay Street area neighborhood in North Tiverton, Rhode Island. As set

forth above, the determination of these issues by the Rhode Island Supreme Court should not change or clarify the law of public nuisance that will be applicable to the issues in the present case.

Accordingly, Plaintiffs respectfully suggest that there is no valid reason for this Court to delay the start of the present trial until the Rhode Island Supreme Court has ruled in the Rhode Island Lead Case.

*Dated*: March 14, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

**CERTIFICATION**

I hereby certify that on this 14th day of March 2008, I did send a true copy of the within document by electronic means to all counsel of record.

/s/ Robert J. McConnell