UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T)<br><br>**EMERGENCY RELIEF REQUESTED** |

**NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO COMPEL INTERROGATORY RESPONSES AND REQUEST FOR EXPEDITED HEARING**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 37 and the applicable Local Rules, New England Gas Company ("NEGasCo") submits this Emergency Motion to Compel the production of written responses to NEGasCo's second set of interrogatories dated February 20, 2008. Plaintiffs' counsel has unequivocally refused to respond to these interrogatories claiming that this second set exceeds the 25-interrogatory limit set forth in Fed. R. Civ. P. 33. However, plaintiffs themselves have served over 185 interrogatories, including subparts, on NEGasCo, all of which have been responded to already. The reason for plaintiffs' refusal is simple: plaintiffs maintain that because there are over 175 plaintiffs and *each* plaintiff is entitled to serve 25 interrogatories, the plaintiffs may serve up to 4,375 interrogatories, not including subparts; and NEGasCo, on the other hand, as the sole

defendant, may only serve 25 interrogatories *in total* to each plaintiff. According to the plaintiffs' math, the result is: plaintiffs, 4,375; defendant, 25. The federal rules do not contemplate such a grossly inequitable result. NEGasCo is entitled to the information it seeks, and the motion to compel should be granted.

**BACKGROUND**

On June 15, 2007, the plaintiffs served a series of twenty-four interrogatories seeking information spanning eighty years and containing numerous discrete subparts. *See, e.g.*, Plaintiff Gail Corvello's Interrogatory Nos. 1-3, attached as Exhibit A to this Motion for this Court's convenience. On September 7, 2007, the plaintiffs served an additional twelve interrogatories, at least half of which once again sought information dating back to 1880. On January 23, 2008, plaintiffs again served interrogatories on NEGasCo, this time totaling forty (40). At least one of these interrogatories contained no less than twelve (12) discreet subparts. *See, e.g.*, Plaintiff Kathleen Christo's First Set of Interrogatories No. 5, attached hereto as Exhibit B. On February 20, 2008, the plaintiffs served another interrogatory on NEGasCo, this time accompanied by a document request, bringing plaintiffs' total number of interrogatories to sixty-five (65). If discreet subparts are included, as contemplated by Fed. R. Civ. P. 33(a), the total increases to over 185 interrogatories that the plaintiffs have served upon NEGasCo.

By contrast, NEGasCo has served interrogatories on plaintiffs twice. First, on November 7, 2007, NEGasCo served its First Set of Interrogatories. Plaintiffs refused to provide timely responses to these interrogatories, and, as a result, NEGasCo was forced to move to compel responses, which this Court granted in part. *See* New England Gas Company's Emergency Motion to Compel Written Responses, dated January 24, 2008. Second, on February 20, 2008, NEGasCo served its Second Set of Interrogatories, bringing NEGasCo's total to 50

interrogatories, excluding subparts. Despite the fact that these interrogatories are far outnumbered by those the plaintiffs have served on NEGasCo – particularly in light of their numerous subparts and burdensome 80-year timeframe – the plaintiffs' counsel has refused to respond to NEGasCo's second set of interrogatories. Indeed, by e-mail dated March 8, 2008, the plaintiffs' counsel flatly stated that he would object to NEGasCo's second set of interrogatories on numerosity and timing grounds.[1] *See* E-mail excerpt, dated March 8, 2008, attached hereto as Exhibit C.

The plaintiffs' refusal has forced NEGasCo to once again seek relief from the Court. NEGasCo moves to compel full, complete and timely written responses to NEGasCo's February 20, 2008 Second Set of Interrogatories by March 28.[2] Emergency relief and an expedited hearing are requested because NEGasCo is entitled to full responses now and should not be forced to wait for plaintiffs to object thirty days after service.[3] Jury impanelment is set for April 23, 2008, and the parties still must complete damages and expert discovery.[4]

**ARGUMENT**

NEGasCo is entitled to move to compel plaintiffs to provide full, complete and timely interrogatory answers. *See* Fed. R. Civ. P. 33 & 37; *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 525 (D. Mass. 2007). The plaintiffs have served over 185 interrogatories, including subparts, on

---

1 Plaintiffs cite the timing of NEGasCo's interrogatories as a basis for objection. However, as discovery has not yet closed, and plaintiffs only recently served an additional interrogatory and document request, NEGasCo views this objection as baseless.

2 Under Rule 33, a party "shall serve" answers within 30 days after service of the interrogatories. Fed. R. Civ. P. 33 (b)(3). Nonetheless, "a shorter or longer time may be directed by the court." *Id*. NEGasCo is concerned that this forced motion practice by plaintiffs will delay their responses. Therefore, NEGasCo respectfully requests that this Court order plaintiffs to provide complete, written responses to NEGasCo no later than March 28.

3 To avoid needless delay, NEGasCo requests relief in the form of a Rule 37 motion to compel. Nonetheless, because NEGasCo recognizes that its interrogatories exceed the 25-interrogatory limit set forth in Rule 33, NEGasCo also requests leave to serve interrogatories in excess of 25 pursuant to Rules 26(b)(2)(A) and 33, to the extent the Court deems a formal request necessary.

4 Recently, the Court ordered that discovery be extended until March 21, 2008 to allow the parties to complete damages discovery, which the parties had postponed "until a determination was made regarding the stages of the trial." Trial Order at 2 (Feb. 13, 2008).

NEGasCo, all of which have been responded to. At the same time, however, the plaintiffs refuse to answer NEGasCo's recent interrogatories, claiming that these interrogatories exceed the number allowed by Rule 33. Yet, NEGasCo's 50 interrogatories are 15 fewer than the 65 that the plaintiffs have already served, and this discrepancy only grows when counting subparts. The plaintiffs' refusal to respond to NEGasCo's second set of interrogatories shows the inherent unfairness of their position. There are over 175 plaintiffs and only one defendant. The plaintiffs contend that under Rule 33(a), "*any party* may serve upon any other *party* written interrogatories, not exceeding 25 in number including all discrete subparts." Fed. R. Civ. P. 33(a) (emphasis added). By their calculations, the 175 plaintiffs may *each* serve 25 interrogatories upon NEGasCo for a total of 4,375 interrogatories. NEGasCo, on the other hand, may only serve 25 *in total*. This result is plainly unjust and should not be permitted.

Courts have recognized that a literal approach to discovery can lead to inequitable results. For example, a district court in the Southern District of New York has noted that, with respect to the 25-interrogatory limit, a more "sensible" approach is often required whereby limitations are allocated by each *side* rather than each *party*. *See, e.g., Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (recognizing that a more sensible approach is sometimes warranted over a literal reading of Rule 33 where multiple parties are involved). In *Zito*, the district court expressly rejected a strict approach to interrogatory limitations and instead relied upon the more flexible analysis advocated by Wright and Miller. *See id*. As Wright and Miller have suggested:

> The limitation on number of depositions ... speaks in terms of "sides" rather than parties. Because it frequently happens that a number of parties on the same side are represented by a single attorney and in that sense act in unison, this concept might be attractive in the interrogatory setting as well. In instances of legally related parties such as a parent corporation and its subsidiary, this could be particularly attractive. But the basic problem is more widespread. Consider, for example, a situation in which ten people injured in a bus crash sue the bus company in a single suit represented by the same lawyer. Should they be

> considered one party or ten for purposes of the interrogatory limitation? The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994) ("Wright and Miller").

As advocated by Wright and Miller, a common sense approach to reasonable discovery limitations should be taken here. The Court should permit an amount that is fair for *both* sides, rather than one that slavishly adheres to the number each "party" is allotted under Rule 33. NEGasCo has already responded to approximately 180 of plaintiffs' interrogatories (including subparts), far more than the 25 permitted for a party under Rule 33. Yet, the plaintiffs now pre-emptively refuse to respond to NEGasCo's second set of interrogatories based upon a numerosity objection. Their' "4,375 vs. 25" argument should be flatly rejected. The plaintiffs should not be allowed to issue over 180 interrogatories, receive responses, and only then hide behind a technical numerosity objection. Such a strategy, unabated, runs the risk of promoting an "indolent and cavalier" attitude toward discovery. *Toole v. Toshin Co., LTD*, 2004 WL 941512, at *3 (W.D.N.Y. Feb. 6, 2004).

Simply put, NEGasCo is entitled to the information sought in its second set of interrogatories. That the second set, as a technical matter, exceeds the limit of 25 set forth in Rule 33 should not provide the plaintiffs with a discovery sword and shield. Instead, the Court should compel full, complete and timely responses to all of NEGasCo's interrogatories. Given that Plaintiffs have had those interrogatories for 30 days, and given the imminent trial, Plaintiffs should be directed to answer the interrogatories by no later than March 28.

**CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court grant its Emergency Motion to Compel Interrogatory Responses.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
John A. Tarantino
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: March 21, 2008

**DEFENDANT NEW ENGLAND GAS COMPANY'S
CERTIFICATION FOR THE EMERGENCY MOTION
TO COMPEL INTERROGATORY RESPONSES**

Defendant New England Gas Company ("NEGasCo") hereby certifies pursuant to Federal Rules of Civil Procedure 26(c) and 37(a) that NEGasCo's counsel has in good faith conferred with plaintiffs' counsel in attempt to resolve this dispute regarding plaintiffs' interrogatory responses. Due to the important nature of this request and the impending discovery schedule, the NEGasCo further respectfully request an expedited hearing to resolve the remaining issues in this motion.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: March 21, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that on March 21, 2008, a copy of the foregoing New England Gas Company's Emergency Motion to Compel Interrogatory Responses and Request for Expedited Hearing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main

876987 (14015-126110)