UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T)<br><br>**EMERGENCY RELIEF REQUESTED** |

**NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' REMEDIATION DAMAGES EXPERT REPORT**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), hereby makes this Emergency Motion to Strike Plaintiffs' Remediation Damages Expert Report and requests an expedited hearing. Plaintiffs failed to disclose Weston & Sampson as a damages expert on February 29 and now attempt – at this final hour -- to submit a 62-page Remediation Cost Estimate Report covering 96 properties. The Court should strike the Remediation Cost Estimate Report. In support of this Motion, NEGasCo relies on its accompanying Memorandum of Law in Support of the Motion to Strike Plaintiffs' Remediation Damages Expert Report, which is incorporated herein.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: March 21, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO STRIKE PLAINTIFFS' REMEDIATION DAMAGES EXPERT REPORT**

## INTRODUCTION

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), moves to strike Weston & Sampson's Remediation Cost Estimate Report (the "Report"), served March 13, 2008. Contrary to their agreement to disclose their damages experts by February 29, plaintiffs never disclosed Weston & Sampson as a damages expert. Instead, on February 29, plaintiffs disclosed to NEGasCo two *other* damages experts – Robert A. Simons (an economist) and William K. Hallman (a psychologist) – but failed entirely to include any expert regarding remediation damages. Plaintiffs' out-of-time disclosure of Weston & Sampson as a damages expert and the 62-page Report on 96 properties is an ambush – the only remedy to prevent severe prejudice to NEGasCo this late in the game is to strike the Report. With little more than one month before trial, NEGasCo is left without time to

retain and adequately prepare a damages expert to review Weston & Sampson's report and generate his or her own expert report on each of the lots at issue.

**ARGUMENT**

On February 29, 2008, plaintiffs' counsel disclosed plaintiffs' two damages experts: Robert A. Simons, an economist, and William K. Hallman, a psychologist. A copy of plaintiffs' disclosure of expert witnesses to NEGasCo's counsel is attached as Exhibit A. Plaintiffs' description of their testimony made it clear that neither Simons nor Hallman would present an opinion on remediation costs. *See id*. With the disclosure of Drs. Simon and Hallman on February 29, NEGasCo proceeded to retain its own damages experts to address plaintiffs' claims. At no time, however, did plaintiffs hint – let alone fully disclose – that they intended to present an expert on remediation damages.

Then, on March 13, 2008, plaintiffs served NEGasCo with Weston & Sampson's 62-page Report on alleged remediation damages covering 96 properties on a property-by-property basis. That is the first time that NEGasCo learned that plaintiffs' intended to present an expert on remediation. Plaintiffs presented no explanation as to why they failed to disclose Weston & Sampson as a damages expert on or before the February 29 disclosure date.

Federal Rule of Civil Procedure 26(a) provides that "a party *shall* disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence]" and submit a detailed report including the expert's qualifications and "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(A)-(B) (emphasis added). This Court has viewed these directives as mandatory, particularly in light of Rule 37(c)(1), which "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998). "[T]he required sanction in the ordinary case is mandatory preclusion." *Id*.; *see also Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (quoting *Klonoski*).

As this Circuit has recognized, an important object of Federal Rule of Civil Procedure 26 is to "avoid trial by ambush." *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003). Thus, the district court "has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony.)." *Id*. (citation omitted). Indeed, this Court has itself granted motions to strike an expert's testimony where, as here, a party has failed to disclose an expert in a timely fashion. *See Hall v. Eklof Marine Corp.*, 339 F. Supp. 2d 369, 371 (D.R.I. 2004) (Lagueux, J.) (granting summary judgment and noting that the Court struck expert testimony where expert was disclosed on eve of extended discovery deadline).

The Court should do so again in this case. Plaintiffs had a full and fair opportunity to disclose Weston & Sampson *as a remediation damages expert*. They failed to do so. The Court should not allow these "trial by ambush" tactics. *Macaulay*, 321 F.3d at 50. Plaintiffs are playing at a kind of "gotcha" discovery game that is unfair to NEGasCo. Further, plaintiffs' failure to disclose makes it impossible for NEGasCo to retain and to adequately prepare a damages expert to review and to meet the report and testimony presented by Weston & Sampson. The trial begins in one month, and NEGasCo cannot fairly prepare and present a report before the trial begins. That report might need to address on a property-by-property basis the detailed costs involved in remediating as many as 96 properties.

Weston and Sampson's Remediation Cost Estimate Report should therefore be stricken in its entirety and the Motion should be granted.

**CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court grant the Emergency Motion to Strike Plaintiffs' Remediation Damages Expert Report.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: March 21, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that on March 21, 2008, a copy of the foregoing New England Gas Company's Emergency Motion to Strike Plaintiffs' Remediation Damages Expert Report, together with the supporting Memorandum of Law, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main