# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO; et al., *Plaintiffs,* v. NEW ENGLAND GAS COMPANY, INC.; *Defendant.* | C.A. No. 05-221T (Related Case Nos. 05-274T, 05-370T, 05-522T) |

**PLAINTIFF GAIL CORVELLO'S FIRST SET OF INTERROGATORIES TO DEFENDANT NEW ENGLAND GAS COMPANY**

The Plaintiff Gail Corvello, hereby requests and requires that the Defendant respond to the following interrogatories and requests for production of documents in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Rhode Island, and the instructions and definitions that follow.

**DEFINITIONS**

1. The term "coal gasification process" shall mean the process which converts a solid or liquid product from coal, petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a synthesis gas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.
2. "Defendant," "you," and "yours" shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company, Tiverton Gas Company, Southern Union Company, Southern Union Gas Company, Inc., and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

## INTERROGATORIES

1. Please identify each and every person, other than your attorney(s), who contributed to the answers to these interrogatories including their title/position and the interrogatories to which they specifically contributed.

2. Please identify the years between 1880 and 1960 during which the Defendant engaged in the coal gasification process at each of the Facilities, and please provide the following:

   a. A detailed description of which type of coal gasification process was utilized at each facility and during which time periods, specifying each substantive step in the coal gasification process and all Waste Materials and/or Residuals produced;

   b. If there was a substantive change in process used at either of the Facilities that change the nature or amount of Waste Materials and/or Residuals produced please specify what that change entailed and when it took place;

   c. A detailed description of the location Waste Materials and/or Residuals identified in Answer No. 2 (a) & (b) from the coal gasification process were stored, collected, or disposed of at each Facility, using a map of the facility if necessary to provide an accurate description.

3. Identify for all Waste Materials and Residuals identified in Answer No. 2 (a) & (b) produced during the coal gasification process(es) operated at the Facilities:

   a. The dates when such Waste Material and/or Residual was produced;

   b. Whether any inspection or testing was performed of the Waste Material and/or Residual prior to disposal or transport and, if so, what documents were produced as a result of such investigation or testing;

   c. Whether such Waste Material and/or Residual was disposed of on-site; and/or transported off-site for disposal or use.

# EXHIBIT B

UNITED ST UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GAIL, JOHN D. AND JOHN F. CORVELLO; et al.,)
)
*Plaintiffs,* )
)
v. )
)
)
NEW ENGLAND GAS COMPANY, INC.; )
)
*Defendant.* )

C.A. No. 05-221T
(Related Case Nos. 05-274T, 05-370T, 05-522T)

**PLAINTIFF KATHLEEN CHRISTO'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUEST TO NEW ENGLAND GAS COMPANY**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff John Christo hereby requests that Defendant New England Gas Company answer the following interrogatories within thirty (30) days of the date hereof.

**DEFINITIONS**

**Definition A:**

The term "Complaint" shall mean the Third Amended Complaint dated November 22, 2005, as modified by court order, and any amended or revised complaint which is thereafter filed.

**Definition B:**

"Document" shall mean:

(1) All writings or records of any type or description (and all preliminary drafts thereof), including but not limited to the original and any non-identical copy, regardless of origin or location, of correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda notes, work logs, diaries, letters, telegrams, messages, e-mail and other electronic communication (including, but

**INTERROGATORY NO. 5:**

Identify all materials that you arranged by contract, agreement or otherwise for consignment or delivery to any waste transporters identifying, with respect to each such consignment or delivery to the Emergency Moratorium Area,

(a) the date on which such consignment or delivery occurred and the material that left your facility;

(b) the name and address of the facility or facilities from which such materials originated;

(c) the type of material consigned by trade name (if any) and a description of all of its chemical constituents;

(d) the amount of material consigned in pounds or other common units of measurement, and the type and size of container in which the materials were transported;

(e) the names, addresses, and positions of those individuals responsible for (1) selecting the materials to be consigned or delivered, (2) packing, loading and labeling the materials for shipment, (3) dispatching the materials, and (4) approving the shipment of the material to the Emergency Moratorium Area;

(f) the name and address of the waste transporter, carrier or hauler and any operator or driver of such carrier or hauler used for transporting such material and the dates of their use;

(g) if chemical analysis of the material was performed, the name and address of the company or individual per forming such analysis and the dates of the analysis;

(h) the documents setting forth the results of any analysis identified in answer to part (g), and any documents describing the analysis to be performed by the laboratory;

(i) the label or other identification affixed to the containers in which the materials were transported;

(j) instructions given to any waste transporter, carrier or hauler identified in response to subpart (f), as to what the materials were and how they should be handled;

(k) the length of time that you contend each such consignment or delivery was present at the Emergency Moratorium Area;

(1) the information, person(s) and documents on which you rely to support your conclusion that the materials were so delivered.

# EXHIBIT C

----- Original Message -----
From: Mark Roberts <MRoberts@mcrobertsandroberts.com>
To: David Ross; McConnell, Bob <bmcconnell@motleyrice.com>; Orent, Jonathan D. <jorent@motleyrice.com>
Cc: Noelle Kowalczyk; Seth Davis; Cara Ciuffani; Samuel K. Moore; Edward Lee; Petros, Gerald J. <gpetros@haslaw.com>; Tarantino, John <jtarantino@apslaw.com>; David Strouss <DStrouss@tenlaw.com>; Neil Leifer <NLeifer@tenlaw.com>; JBernazani-Ludlum@mcrobertslaw.com <JBernazani-Ludlum@mcrobertslaw.com>; Heather Spurlock Kennealy <hskennealy@mcrobertslaw.com>
Sent: Sat Mar 08 15:27:11 2008
Subject: RE: Corvello: NEGC's Depositions Next Week of Plaintiffs

David,

This is to confirm our telephone conference in which I followed up on Jonathan Orent's earlier communication that the plaintiffs are attempting to work out a reasonable schedule with NEG to complete all of the Plaintiffs and fact witness depositions. We will work to hold a tight schedule on the Plaintiffs depositions so that the last few Plaintiffs and the fact withnesses can all be completed by the end of the additional 3 week period established by Judge Torres. The Plaintiffs have almost finalized a proposed schedule for the next 2 weeks which will be circulated early next week.

As we discussed, Ernest Simpson is not going forward on Monday. By this email I'm requesting that you be notified as soon as possible by Motley Rice and Thornton & Naumes if the other depositions listed below are not going forward. It is my understanding that given the ongoing effort to work thiss out cooperatively that no Motions to Strike will be filed for failure to appear at the times specified below.

Given how well we have done working together to get the Plaintiffs' depositions completed to date, there should be no problem completing all of these depositions if we continue to work in good faith as we represented to Judge Torres we would continue to do,

This also confirms that the Plaintiffs are going to object to the recently filed interrogatories on the basis of numerosity and timing.

Mark

Mark W. Roberts
McRoberts, Roberts & Rainer, L.L.P.
Exchange Place
53 State Street
Boston, Massachusetts 02109

Direct Line: 617-227-2125
Office Telephone: 617-722-8222 ext. 410
Facsimile: 617-720-2320

Innovative environmental and land use advice, law and litigation

NOTICE OF CONFIDENTIALITY

This electronic transmission is intended solely for the addressee(s) listed above and may contain confidential information. If you are not the named addressee(s), any use, disclosure, copying, or communication of the contents of this transmission is prohibited. If this transmission was received in error, please contact me at the above number, collect if necessary. Thank you for your attention to this matter.