O 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

for the District of Rhode Island

**GAIL, JOHN D. AND JOHN F. CORVELLO, et al.**

v.

**NEW ENGLAND GAS COMPANY, INC.**

**SUBPOENA DUCES TECUM**
**IN A CIVIL CASE**
**C.A. No. 05-0221T**

**TO: ENVIRONMENTAL NEIGHBORHOOD AWARENESS COMMITTEE OF TIVERTON**
**c/o GAIL CORVELLO**
**190 BAY STREET, TIVERTON, RI 02878**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

**Subject Matter of Rule 30(b)(6) Deposition - SEE SCHEDULE A attached**

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| **Adler Pollock & Sheehan P.C.**<br>**One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903** | **Wednesday, April 9, 2008 at 9:30 a.m.** |

☒ YOU ARE COMMANDED to produce and permit for inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE SCHEDULE B attached**

| PLACE | DATE AND TIME |
| --- | --- |
| **Adler Pollock & Sheehan P.C.**<br>**One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903** | **Wednesday, April 9, 2008 at 9:30 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] 4950 | 4/3/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**David A. Wollin, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903**
**401-274-7200**
**Attorney for Defendant New England Gas Company, Inc.**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

X Gail Corvello

AO 88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE

DATE 3 April, 2008 PLACE Tiverton, R.I.

SERVED Environmental Neighborhood Awareness Committee of Tiverton

Served on agent for service Gail Corvello

SERVED ON (PRINT NAME) MANNER OF SERVICE

George R. Clark

SERVED BY (PRINT NAME)

Constable #6025

TITLE

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3 April, 2008
Date

[signature] #6025
SIGNATURE OF SERVER

84 Weaver Rd.
ADDRESS OF SERVER

Johnston, R.I. 02919

Rule 45, Federal Rules of Civil Procedure, Parts C&D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be

service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is

made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*450218_1.doc*

## SCHEDULE A

### Subject Matter of 30(b)(6) Deposition

1. Information obtained by ENACT concerning the Fall River Gas Company and/or the New England Gas Company.

2. Information supporting or refuting the allegations raised by the plaintiffs in their complaints against the New England Gas Company.

3. Information obtained by ENACT concerning the third party defendants and any other potentially responsible parties for the alleged contamination in Tiverton, Rhode Island.

4. Information concerning the development of the Bay Street area.

5. Information concerning the founding and current legal status of ENACT.

6. Information concerning meetings between ENACT and (a) government entities or officials; (b) plaintiffs, their counsel or their consultants or expert witnesses; and (c) other organizations (including without limitation, Brown University).

7. Information communicated between ENACT and (a) government entities or officials; (b) plaintiffs, their counsel or their consultants or expert witnesses; and (c) other organizations (including without limitation, Brown University).

8. Information concerning any communications or meetings between ENACT and any news organization or reporter.

9. Information concerning ENACT's members and membership.

10. Information concerning John Simpson, including, but not limited to, ownership of land in the Bay Street area, any relationship with Fall River Gas Company, and any other business ventures.

## SCHEDULE B

### Document Requests for 30(b)(6) Deposition

1. Documents concerning the founding and current legal status of ENACT.

2. Documents concerning meetings between ENACT and government officials, plaintiffs, and other organizations.

3. Documents provided by ENACT to: government officials, plaintiffs, and other organizations.

4. Documents concerning any meetings, discussions, or other contact between ENACT and any news organization or reporter.

5. Documents obtained by ENACT concerning the Fall River Gas Company and/or the New England Gas Company.

6. Documents obtained by ENACT concerning the third party defendants and any other potentially responsible parties for the alleged contamination in Tiverton, Rhode Island.

7. Documents concerning ENACT's members and membership.

8. Any Documents supporting or refuting the allegations raised by the plaintiffs in their complaints against the New England Gas Company.

9. Documents concerning the development of the Bay Street area

10. Documents concerning John Simpson, including, but not limited to, ownership of land in the Bay Street area, any relationship with Fall River Gas Company, and any other business ventures.

*450092_1.doc*