UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHEILA REIS, DENNIS REIS, GARY SOUZA, DONNA SOUZA ALAN TRECIDA, KIM TRECIDA and JOSEPH A. TRECIDA | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 05-522T (Related and Consolidated Cases: 05-274T; 05-370T; 05-221T) |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS AND NEW ENGLAND GAS | : | |
| Defendant and Third Party Plaintiff, | : | |
| v. | : | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et. al. | : | |
| Third Party Defendants. | : | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S**
**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Southern Union Company (improperly sued as "Southern Union Company dba Fall River Gas And New England Gas") ("NEGasCo"), by its undersigned counsel, answers Plaintiffs' Amended Complaint dated March 18, 2008, and filed by ECF on the docket on March 24, 2008, ("Amended Complaint"), in accordance to the Court's March 20, 2008 Order as follows:

1. NEGasCo denies the allegations set forth in paragraph 1 of the Amended Complaint.

2. NEGasCo admits the allegations set forth in paragraph 2 of the Amended Complaint.

3. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 9 of the Amended Complaint.

4. NEGasCo denies the allegations set forth in paragraph 10 of the Amended Complaint except admits that Southern Union Company is a Delaware Corporation.

5. NEGasCo denies the allegations set forth in paragraph 11 of the Amended Complaint.

6. NEGasCo denies the allegations set forth in paragraph 12 of the Amended Complaint except admits that long ago Fall River Gas Company, or its predecessor in interest (hereinafter collectively "Fall River Gas Company"), maintained coal gasification facilities in Fall River, Massachusetts.

7. NEGasCo denies the allegations set forth in paragraph 13 of the Amended Complaint except admits that coal gasification was at one time a process commonly used to manufacture gas for residential and commercial uses including for the operation of stoves and lamps.

8. NEGasCo denies the allegations set forth in paragraph 14 of the Amended Complaint, which is partly unintelligible, except admits that coal gasification typically included the heating of coal or coke resulting in the release of gas, among other things.

9. NEGasCo denies the allegations set forth in paragraph 15 of the Amended Complaint except admits the coal gasification process typically included a purification

process, and further admits that Fall River Gas Company distributed gas to its customers' homes through piping systems.

10. NEGasCo denies the allegations set forth in paragraphs 16 through 19 of the Amended Complaint.

11. NEGasCo denies the allegations set forth in paragraph 20 of the Amended Complaint except admits that during the first half of the twentieth century there was a significant decline in the use of the coal gasification process to manufacture gas for residential and commercial uses, and during that time period there was an increase in the use of interstate pipelines used to supply natural gas to end users, including in urban areas.

12. NEGasCo denies the allegations set forth in paragraph 21 of the Amended Complaint, which is partly unintelligible, except admits that long ago Fall River Gas Company did cease its coal gasification operations and did dismantle certain structures that were previously used as part of such operations.

13. NEGasCo denies the allegations set forth in paragraph 22 of the Amended Complaint.

14. NEGasCo denies the allegations set forth in paragraph 23 of the Amended Complaint except admits that in September 2000, Fall River Gas Company merged with and into Southern Union Company, with Southern Union Company as the surviving corporate entity.

15. NEGasCo denies the allegations set forth in paragraph 24 of the Amended Complaint except admits that Southern Union Company is not a holding company of Fall River Gas Company.

16. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, except denies that the "sewer contractor encountered soils which appeared to contain iron cyanide and other coal gasification wastes."

17. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, except denies that "laboratory analysis [] showed the presence of cyanide and other substances indicative of coal gasification wastes at levels presumed to impact human health and the environment."

18. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, except denies that "further investigation . . . also demonstrated such coal gasification wastes at levels presumed to impact human health and the environment."

19. NEGasCo denies the allegations set forth in paragraph 28 of the Amended Complaint.

20. NEGasCo denies the allegations set forth in paragraph 29 of the Amended Complaint except admits that on March 17, 2003, RIDEM issued a letter of responsibility to Southern Union Company, and refers to such letter for its contents.

21. NEGasCo denies the allegations set forth in paragraph 30 of the Amended Complaint.

22. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint excepts

admits that at a point in time the Town of Tiverton, Rhode Island instituted a "moratorium," and refers to such provision for its terms and conditions.

23. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint.

**COUNT I**
**NEGLIGENCE**

24. In response to paragraph 33 of the Amended Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 32 of the Amended Complaint as if such responses were fully set forth herein.

25. NEGasCo denies the allegations set forth in paragraphs 34 through 41 of the Amended Complaint.

**COUNT II**
**STRICT LIABILITY**

26. In response to paragraph 42 of the Amended Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 41 of the Amended Complaint as if such responses were fully set forth herein.

27. NEGasCo denies the allegations set forth in paragraphs 43 through 46 of the Amended Complaint.

**COUNT III**
**PUBLIC NUISANCE**

28. In response to paragraph 47 of the Amended Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 46 of the Amended Complaint as if such responses were fully set forth herein.

29. NEGasCo denies the allegations set forth in paragraphs 48 through 51 of the Amended Complaint.

**FIRST DEFENSE**

The Amended Complaint, and each count alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs lack standing to bring the claims asserted in the Amended Complaint, and alternatively, plaintiffs failed to file suit in the correct legal capacity and/or with the required authorization and procedure.

**FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

To the extent plaintiffs seek remediation (or its equivalent, whether styled as abatement of a nuisance, or otherwise), the Court lacks jurisdiction to order same, and plaintiffs can not obtain such remedy in this action, as such remedy falls exclusively within the jurisdiction of the Rhode Island Department of Environmental Management.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by plaintiffs' assumption of risk, including without limitation, because plaintiffs, or their predecessors in interest or their agents, had knowledge of and accepted and assumed the hazards and risks which caused, contributed to or resulted in their alleged damages.

**EIGHTH DEFENSE**

Plaintiffs have failed, refused and/or neglected to mitigate their damages alleged in the Amended Complaint, and alternatively, plaintiffs have by their own acts and omissions increased their claimed damages.

**NINTH DEFENSE**

If the plaintiffs suffered any damage or loss, which NEGasCo denies, such damage or loss was not caused by, or legally attributable to, NEGasCo.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions by NEGasCo were the proximate cause or the actual cause of the injuries or damages allegedly sustained by plaintiffs, and, alternatively, because any injuries or damages allegedly sustained by plaintiffs were the result of intervening or superseding events, factors, occurrences or conditions not proximately caused by NEGasCo and for which NEGasCo is not liable.

**ELEVENTH DEFENSE**

Plaintiffs' alleged injuries are the fault of persons or entities other than NEGasCo, and for whose conduct NEGasCo is not responsible, and such claims are therefore barred against NEGasCo, or, in the alternative, such fault of persons or entities other than

NEGasCo reduces plaintiffs' right of recovery by that amount which said fault of other persons or entities contributed to plaintiffs' alleged damages.

**TWELFTH DEFENSE**

Plaintiffs' claims premised on theories of agency are barred against NEGasCo because no employee, "servant" or agent of NEGasCo was authorized by NEGasCo to commit the relevant acts alleged in the Amended Complaint.

**THIRTEENTH DEFENSE**

Plaintiffs' claims against NEGasCo are barred because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were handled and disposed of in compliance with then applicable: (a) customs, codes, practices, "state of the art" and/or technology of the trade and industry; and, alternatively, (b) laws and regulations.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred against NEGasCo because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were supplied to a party that was knowledgeable, experienced and/or sophisticated with regard to the properties, potential hazards and manner of safe handling of such products.

**FIFTEENTH DEFENSE**

At all times relevant hereto, NEGasCo complied with all then applicable laws and regulations, and the claims asserted by the plaintiffs are, therefore, barred and/or preempted under state or federal law, or both.

**SIXTEENTH DEFENSE**

At all relevant times, defendants acted with due care, complied with all applicable laws and regulations, and otherwise conducted themselves reasonably under the circumstances.

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to recover the types of damages, or the declaratory and injunctive relief, sought in the Amended Complaint.

**EIGHTEENTH DEFENSE**

Plaintiffs' claim for nuisance is barred in whole or in part by the doctrine of prescription.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by their failure to join one or more necessary and/or indispensable parties.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part on the basis that the acts complained of were performed gratuitously, for public benefit and/or as a "Good Samaritan."

**TWENTY-FIRST DEFENSE**

Plaintiffs' punitive damages claim is barred as a matter of law and public policy.

**TWENTY-SECOND DEFENSE**

Plaintiffs' punitive damages claim cannot be sustained because an award of punitive damages would violate NEGasCo's due process, equal protection, and other

rights guaranteed by law, and by the Constitution of the State of Rhode Island and the United States Constitution.

**TWENTY-THIRD DEFENSE**

The Amended Complaint, and each cause of action therein, fails to set forth facts sufficient to entitle plaintiffs to an award of punitive damages.

**TWENTY-FOURTH DEFENSE**

The Amended Complaint, and each cause of action therein, is barred on the basis that one or more governmental entities contracted for and/or sought the deposit of the materials which are alleged to have caused plaintiffs' injuries and damages.

**TWENTY-FIFTH DEFENSE**

The Amended Complaint, and each cause of action therein, is barred on the basis that, as a matter of contract and/or operation of law, plaintiffs waived or otherwise relinquished their claims in connection with their purchase of their properties.

**TWENTY-SIXTH DEFENSE**

To the extent plaintiffs suffered any damage, such damage was caused by the "moratorium" imposed by the Town of Tiverton, and therefore, plaintiffs have no claim and can recover no damages from NEGasCo by reason of such governmental action.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs’ claims are barred by their failure to join all of their claims related to this matter in a single lawsuit against all allegedly responsible parties.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred because any alleged dangers claimed were open and obvious at all relevant times.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by R.I. Gen. Laws § 9-1-29.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because one or more governmental entities, including without limitation, the Rhode Island Department of Environmental Management and the Town of Tiverton, approved the development of plaintiffs' properties for residential improvement and development with actual or constructive knowledge of the conditions of which plaintiffs now complain.

**THIRTY-FIRST DEFENSE**

NEGasCo reserves the right to amend this answer, including to assert additional defenses based upon the discovery of additional facts.

**PRAYER FOR RELIEF**

WHEREFORE, NEGasCo requests that this Court enter judgment in its favor and against plaintiffs, dismissing the Amended Complaint, and all claims therein, with prejudice, and awarding NEGasCo its costs, attorneys' and experts' fees and expenses, and granting NEGasCo such other and further relief as the Court deems just and proper.

**JURY DEMAND**

NEGasCo requests a trial by jury.

Dated: April 10, 2008

**ADLER POLLOCK & SHEEHAN P.C.**

By: *_/s/ David A. Wollin_*
John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor

Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008, I did send a true copy of the within by electronic means (ECF) to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

/s/ *David A. Wollin*

*450961_1.doc*