UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T)<br><br>**EMERGENCY RELIEF REQUESTED** |

**NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION FOR A PROTECTIVE ORDER TO PREVENT THE TAKING OF THE DEPOSITION OF GZA GEOENVIRONMENTAL, INC.**

Pursuant to Fed. R. Civ. P. 26(c), Rule 45(c) and the applicable Local Rules, New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), hereby makes this Emergency Motion for a Protective Order to Prevent the Taking of the Deposition of GZA GeoEnvironmental, Inc. ("GZA") and requests an expedited hearing. As grounds for good cause, NEGasCo states that not only did plaintiffs fail to list GZA as a witness in its Rule 26(a) initial disclosures, plaintiffs compounded this omission by failing to identify GZA in their supplemental disclosures as well. Further, plaintiffs have noticed the deposition of GZA, whom plaintiffs' damages expert Weston & Sampson intends to rely upon for its remediation damages opinion,[1] for April 17, 2008, nearly a week *after* the close of damages discovery. Moreover, plaintiffs and Weston & Sampson were aware of the intended

[1] NEGasCo has filed a motion to strike Weston & Sampson's damages report, which motion is currently pending before the Court.

reliance upon GZA well before March 12, the date of Weston & Sampson's remediation report to plaintiffs, yet still waited until April 2 to serve the Rule 45 subpoena on GZA.

The Court should grant the motion for a protective order and direct that the deposition of GZA not be had. In support of this Motion, NEGasCo relies on its accompanying Memorandum of Law in Support of the Emergency Motion for a Protective Order to Prevent the Taking of the Deposition of GZA GeoEnvironmental, Inc., which is incorporated herein.

NEW ENGLAND GAS COMPANY

*<u>/s/Robin L. Main</u>*
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

John Tarantino (#2586)
Patricia Rocha (#2793)
David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: April 14, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THE EMERGENCY MOTION FOR A PROTECTIVE ORDER TO PREVENT THE TAKING OF THE DEPOSITION OF GZA GEOENVIRONMENTAL, INC.**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), Rule 45(c) and the applicable Local Rules, New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), moves for a protective order directing that the deposition of GZA GeoEnvironmental, Inc. ("GZA"), noticed for April 17, 2008, not be had.

In 2006, National Grid hired GZA to prepare a range of potential worst–case cost estimates to remediate the alleged soil contamination in the Bay Street Area in Tiverton, Rhode Island. At that time, National Grid and Southern Union were before the division of Public Utilities and Carriers seeking approval of a proposed sale of Southern Union's Rhode Island assets to National Grid. GZA conducted no investigation and performed no work at the site; it merely reviewed existing data and prepared these preliminary cost estimates.

Plaintiffs remediation expert, Weston & Sampson, chose to rely upon GZA's preliminary cost, and indeed uses one of GZA's cost estimates as the foundation for its opinion. Southern Union learned at deposition recently that Weston & Sampson never spoke to GZA about that estimate or the conditions under or purposes for which it was prepared. Weston & Sampson has relied on the GZA work for months – the GZA report is cited frequently in the Weston & Sampson expert report filed on February 12.

Plaintiffs knew that Weston & Sampson would rely on the GZA preliminary estimate in this way, yet failed to disclose GZA as a potential witness in its Rule 26(a) Initial Disclosures. A copy of the Rule 26(a) Initial Disclosures is attached as Exhibit A.[2] Nor did plaintiffs supplement their disclosures by identifying GZA. Compounding this omission, plaintiffs served GZA with a subpoena to appear for a deposition on April 17, nearly a week *after* the close of damages discovery. A copy of the Rule 45 Subpoena, dated April 2, 2008, is attached as Exhibit B.

In fact, all of plaintiffs' damages-related submissions concerning Weston & Sampson have been late. As shown in NEGasCo's motion to strike Weston & Sampson's damages report, plaintiffs failed to timely disclose Weston & Sampson as their damages expert and then sprung a damages report on NEGasCo. Similarly, plaintiffs have decided at the final hour to subpoena GZA for a deposition after the close of damages discovery.

Contrary to their obligation under both the Federal Rules and this Court's Scheduling Order, plaintiffs have (i) failed to disclose under Rule 26(a) GZA as a witness with relevant information; (ii) failed to supplement that omission once it became clear plaintiffs would try to rely upon GZA; (iii) failed to depose GZA prior to the close of damages discovery; and (iv) failed to serve the deposition subpoena upon GZA in a timely manner once it became clear in

[2] For the sake of completeness, NEGasCo attaches all four of plaintiffs' Initial Disclosures. In so doing, NEGasCo respectfully requests that to the extent necessary the Court extend the page limitation set forth in the Court's Scheduling Order, Appendix A, § 4.

February that Weston & Sampson would rely upon GZA's cost estimate. This Court should not permit plaintiffs to ambush NEGasCo on the eve of trial with fact discovery they could have taken for the past two years. There is good cause to issue a protective order directing that the deposition of GZA not be had. With less than two weeks before trial, the late disclosure of GZA and the late discovery are inappropriate. Plaintiffs'' dilatory tactics should not be rewarded.

**ARGUMENT**

On April 2, 2008, plaintiffs' counsel served GZA with a third-party deposition subpoena scheduled for April 17, 2008, almost a week *after* the close of damages discovery. This was a surprise to NEGasCo's counsel, to say the least. At no time did plaintiffs disclose GZA in their initial disclosures. *See* Exhibit A. Moreover, despite specifically stating in their initial disclosures that "[p]laintiffs reserve the right to supplement this list in the appropriate manner as discovery progresses," plaintiffs never bothered to supplement those disclosures by identifying GZA as a potential witness. Making the omission even more pronounced, plaintiffs knew in the February 2008 timeframe that their expert intended to rely upon GZA's work and remediation cost estimates. Still, even with this knowledge, plaintiffs chose to delay serving GZA with a deposition subpoena until April 2, for a deposition on April 17.

An unfortunate pattern has emerged in which plaintiffs appear to intentionally delay their damages disclosures and discovery until the 11th hour, thereby leaving NEGasCo with no time to adequately prepare. Here, the prejudice visited upon NEGasCo is compounded because trial is imminent. Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought, . . . for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The First Circuit has interpreted Rule 26(c) to require the court to balance the particular interests in the case in determining whether good cause exists to support a protective order. *See Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d

391, 402 (1st Cir. 2005) (considering the disclosure of confidential documents). Here, the balance weighs heavily in NEGasCo's favor.

Quite simply, there is no reason to permit plaintiffs to conduct third-party discovery of a party *its own expert tries to rely upon* for remediation damages at this late date. Plaintiffs have failed to meet a damages discovery deadline once again. Plaintiffs knew about GZA's cost estimates long before of April 2, 2008. Here, the Court should not permit plaintiffs to take this late damages discovery on the eve of trial. NEGasCo has demonstrated that there is good cause to direct that the deposition of GZA not be held. Accordingly, this Court should grant NEGasCo's Motion for a Protective Order.

**CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court grant the Emergency Motion for a Protective Order to Prevent the Taking of the Deposition of GZA.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

John Tarantino (#2586)
Patricia Rocha (#2793)
David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: April 14, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London, Brophy, Dodds P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that on April 14, 2008, a copy of the foregoing New England Gas Company's Emergency Motion for a Protective Order, together with the supporting Memorandum of Law, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main