**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br>v.<br><br><br><br><br>NEW ENGLAND GAS COMPANY, INC.;<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br>**EMERGENCY MOTION**<br><br><br>C.A. No. 05-221T<br>(Consolidated with 05-522T;<br>05-274T; and 05-370T) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS AGAINST NEGCO PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## I. Introduction

Nearly three months after being served with the Plaintiffs' Rule 30(b)(6) notice of deposition on factual issues central to the New England Gas Company' liability in this case, the Defendant produced a witness without knowledge of the subject matters designated and unambiguously stated that they never had any intention of preparing a witness to serve as corporate representative for the topics noticed. Exhibit "A." This occurred despite an agreement on February 21, 2008, whereby Plaintiffs agreed to give the Defendant an extension of time for answering written discovery provided the Rule 30 (b)(6) deposition could take place after receipt of the discovery. See Exhibit "B." Exacerbating this situation is the fact that Defendant served a fifteen page objection to the Plaintiffs' Counsel less than an hour and a half before the commencement of this long sought-after deposition. "Exhibit "C." At no time in the intervening months prior to the date of the deposition had the Defendant filed a motion for a protective order

regarding the subjects noticed in the deposition nor had they notified the Plaintiffs that they did not intend to procure a witness with sufficient knowledge to testify. In fact, Plaintiffs' Counsel made no fewer than four requests in advance of the deposition for the material used to prepare the Rule 30(b)(6) witness, none of which were responded to until the night before the deposition. Exhibit "D." Instead, the Defendant waited until the date of the deposition, at the stroke of midnight before the long anticipated trial, to deprive the Plaintiffs of their right to depose the Defendant on the central issues in this action. The prejudicial effect of Counsels' intentional and strategic conduct cannot be understated. The trial date is too close for the Plaintiffs to seek alternate relief. The Plaintiffs' therefore request this Honorable Court issue an order sanctioning the Defendant and:

(1) directing that various facts be taken as established for purposes of the action;

(2) prohibiting the Defendant from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; and

(3) striking the applicable pleadings of the Defendant, including their Answer to the Second Amended Complaint and Pre-Trial Memorandum in whole or in part;

under Rule 37 (b)(2)(A) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The law is clear: "To fully satisfy the [Rule 30(b)(6)] request . . . the corporation must sufficiently 'prepare [the designee] so that [the designee] may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Cupp v. Edward D. Jones & Co., L.P.*, 2007 WL 982336, *1 (N.D. Okla. Mar. 29, 2007) (citation omitted); *see also Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1418 (D. Nev. 1995) ("In producing representatives for a Rule 30(b)(6) deposition, a corporation must prepare them to give 'complete, knowledgeable and

binding answers'") (citation omitted). As explained in *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 2007 WL 1959194, *1 (D. Kan. June 29, 2007):

> "With regard to choosing a deponent to speak on behalf of the corporation, companies 'have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them fully to unevasively answer questions about the designated subject matter.'" This duty does not require personal knowledge of the subject matter, but rather "'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition.'" Thus, "to avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice."

(Citations omitted.) As one court astutely noted, "the responding party 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.' Any other interpretation of the Rule would allow the responding corporation to 'sandbag' the deposition process." *Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1732369, *4 (D. Kan. June 11, 2007) (citation omitted).

Defendants should not be permitted to "sandbag" the deposition process by refusing to produce a fully knowledgeable designee. That preparing such a witness is burdensome is of no consequence. *See id.* ("That such depositions could be onerous to the corporation-party makes little difference"). "[T]he burden upon such a responding entity is justified since a corporation can only act through its employees." *Id.* Indeed, "[f]oremost among the purposes of this Rule is to 'curb the 'bandying' by which officers and managing agents are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization, and thereby it." *Starlight International Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (citations omitted); *see also Rainey v. American Forest & Paper Association,* 26 F.Supp.2d 82, 95 (D.D.C. 1998); *United States v. Taylor*, 166 F.R.D. 367, 367-68 (M.D.N.C. 1996).

The failure of a corporate representative to appear for a deposition is governed by Rule

37 of the Federal Rules of Civil Procedure. Under Rule 37(d)(1):

> (A) Motion; Grounds for Sanctions. The court where the action is pending may, upon motion, order sanctions if:
> (i) a party or party's officer, director, or managing agent- or a person designated under Rule 30(b)(6) or 31 (a)(4)- fails after being served with proper notice, to appear for that person's deposition;

Importantly, under Rule 37(d)(2), "A failure described in Rule 37(d)(1)(A) **is not excused on the ground that the discovery sought was objectionable**, unless a party failing to act has a pending motion for a protective order under Rule 26(c)." (emphasis added)

## III. Argument

Without alerting the Plaintiffs in advance of this long sought-after deposition, Defense Counsel David Ross informed the Plaintiffs at the deposition that:

> MR. ROSS: Can I just note, Mr. Orent, that it may speed things along, that the objections that have been asserted in what you've been premarked as Exhibit 2 at page one and two of Exhibit 2, confirm that New England Gas Company has no witness who is knowledgeable or could reasonably become knowledgeable in a manner sufficient to address the inquiries in the January 28th notice.
> So Mr. Soldano is not prepared to and is not going to be testifying today on topics one, two, three, four or five of the January 28th notice. I realize you only got that objection an hour and 15 minutes ago. That's correct; but regardless, that's the fact as stated therein.
>
> *****
>
> MR. ROSS: So let me just clarify if my last statement wasn't clear. The company is not putting forth any witness to address that topic or any of the topics in the February 28 (sic) notice, other than we've explained in our objections and clarification.
> The witness has not been prepared on the subject because of the explanation given in our objection and response. So Mr. Soldano is not going to be answering questions about those topics because they are either objectionable [sic] or they're covered under the explanation that we've given.

Deposition Tr. at 7-8, attached hereto at "E."

As the record demonstrates, the New England Gas Company never produced, nor did it intend to produce a Rule 30(b)(6) designee to "give complete, knowledgeable and binding answers on behalf of the corporation" to questions on subjects identified in the Plaintiffs'

30(b)(6) deposition notice dated January 28, 2008. *See, e.g.*, This violates the letter and the spirit of the Federal Rules. *See, e.g.*, *Cupp*, 2007 WL 982336, *1; *Nevada Power*, 891 F.Supp. at 1418; *Payless Shoesource*, 2007 WL 1959194, *1; *Ice Corp.*, 2007 WL 1732369, *4. The Plaintiffs were entitled to probe the Defendant's historical knowledge regarding the toxicity or hazardous nature of mgp waste, the Defendant's knowledge of the historical standard of care when working around mgp waste materials, the Defendant's contacts with trade associations that would have alerted them to the potential hazardous nature of these chemicals, and contracts with the Town of Tiverton during the period of 1914-1918. These are core issues in the Plaintiffs' case.

Simply put, the Defendant was required under the rules to produce a fully knowledgeable designee to testify on the subjects identified in the Plaintiffs' 30(b)(6) notice. It did not do so. In particular, Defendant New England Gas failed to "provide a witness who can answer questions regarding the subject matter in the notice." *Starlight International*, 186 F.R.D. at 638. Because the designated deponent could not answer any of the questions "the corporation has failed to comply with its Rule 30(b)(6) obligations." *See id.* Moreover, the Defendant failed to comply with the requirement to seek a protective order in violation of Federal Rule of Civil Procedure 37.[1] [2]

## V. Conclusion

WHEREFORE, in light of the foregoing, this Court should enter an order:

(1) directing that following facts be taken as established for purposes of the action:

[1] During the deposition the Defendant articulated its position that the Deponent could answer questions regarding the January 30, 2008 notice of deposition. The record will demonstrate that the Defendant failed to properly prepare the witness as to those categories as well.

[2] Interestingly, the Defendant makes numerous factual assertions in their Answer to the Second Amended Complaint and again in their Pre-Trial Memorandum that must be based upon the Defendant, New England Gas Company's knowledge.

(a) that at all times material to this action, the Defendant had knowledge of the toxic nature to humans of mgp waste materials and residuals.

(b) that at all times material to this action, the Defendant had knowledge that mgp waste materials and residuals presented a hazard when disposed of in residential areas.

(c) that at all times material to this action, the Defendant was advised by various trade associations of the appropriate standard of care for the handling of waste materials and residuals.

(d) that at all times material to this action, the Defendant knew that the use of mgp waste materials or residuals as landfill could not be made safe with the exercise of reasonable care.

(e) that at all times material to this action, the Defendant knew that types of mgp waste materials and residuals should not be used under roadways.

(f) that during the period 1914-1918 the Defendant contracted with the Town of Tiverton for the application of tars, produced in the mgp process, to the Town of Tiverton.

(2) prohibiting the Defendant from supporting or opposing claims or defenses, or from introducing matters into evidence regarding;

(a) that at all times material to this action, the Defendant had knowledge of the toxic nature to humans of mgp waste materials and residuals.

(b) that at all times material to this action, the Defendant had knowledge that mgp waste materials and residuals presented a hazard when disposed of in residential areas.

(c) that at all times material to this action, the Defendant was advised by various trade associations of the appropriate standard of care for the handling of waste materials and residuals.

(d) that at all times material to this action, the Defendant knew that the use of mgp waste materials or residuals as fill could not be made safe with the exercise of reasonable care.

(e) that at all times material to this action, the Defendant knew that types of mgp waste materials and residuals should not be used under roadways.

(f) that during the period 1914-1918 the Defendant contracted with the Town of Tiverton for the application of tars, produced in the mgp process, to the Town of Tiverton.

(3) striking the applicable pleadings of the Defendant, including their Answer to the Second Amended Complaint and Pre-Trial Memorandum in whole or in part;

(4) awarding costs to Plaintiff's Counsel.

DATED: April 17, 2008

Respectfully Submitted,

__/s/ Jonathan D. Orent_________

Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
Motley Rice LLC
321 South Main Street
Providence, RI 02940

Neil T. Leifer
David C. Strouss
Brad J. Mitchell
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McRoberts, Roberts & Rainer
51 State Street
Boston, MA 02109

Stephen P. Harten (#4102)
Richard J. Zabbo (#6861)
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2008, a copy of the foregoing was served to all counsel of record via ECF.

__/s/ Jonathan D. Orent_________